**LANARK CORPORATION, Appellant,**

v.

**Brooks W. CONOVER, Appellee.**

No. 3616.

Court of Civil Appeals of Texas.

Waco.

March 5, 1959.

Rehearing Denied March 26, 1959.

Hyder & Honts, Fort Worth, for appellant.

James E. Ferguson, Cleburne, for appellee.

TIREY, Justice.

The Lanark Corporation has perfected its appeal from an order overruling its plea of privilege to be sued in Tarrant County, the county of its residence. Appellee went to trial on his original petition and controverting affidavit. He alleged substantially that he was a citizen of Johnson County, Texas, and that defendant was a Texas corporation operating under the laws of Texas, with its principal place of business in Ft. Worth, Texas, and operating and doing business in Johnson County through its agent, a Mr. Zimmerman, whose initials he did not know; that in March, 1956, such corporation, acting through its agent Zimmerman, came to plaintiff's home in Johnson County, Texas, for the purpose of selling him stock in such corporation and that he represented such corporation as being engaged in the business of a finance company; that relying on such representations, plaintiff was induced to purchase 192 shares of stock in such corporation for a total consideration of $576, due and payable in equal installments of $24 per month, beginning April 23, 1956, and a like amount on the 23rd day of each month thereafter until paid in full; that plaintiff paid for his stock in full, but defendant failed to deliver the stock to him until after he had employed an attorney, and that after the stock was delivered to him, he learned for the first time that the business of the defendant is in the ownership of real estate rather than financing chattels, as represented to him by defendant's agent, and that defendant's financial statement of May 31, 1958 shows only $8,700 in mortgages from assets totalling $352,756.02; that plaintiff

would not have purchased such stock had he known that defendant was not engaged as a finance company, and he asks the Court to cancel his contract, and that defendant be required to return to plaintiff the money that he paid for his stock, and he alleges that he refuses to accept the 192 shares of stock tendered to him. He further alleges that on July 23, 1958, he received "by certified mail containing 192 shares of stock as well as the check on the Lanark Corporation in the amount of $43.20 which check was for coupons on the interim stock heretofore held by plaintiff." That in said envelope in which these instruments came to plaintiff, such envelope had the return address of Texas Agriculture Chemical Company, Box 745, Ft. Worth, Texas, and that plaintiff would not have received or accepted such stock if he had known it was from the Lanark Corporation, and that by reason thereof, he tenders into court the stock, as well as the check, and will deposit the same with the Clerk of the District Court at the proper time. Plaintiff prayed for citation and for a cancellation of his contract, and that the contract between plaintiff and defendant be decreed to be void, and that he recover the sum of $576 and costs of suit, and for general relief.

Plaintiff, in his controverting affidavit, denies each and all the allegations in the plea of privilege contained, and sets out in full his original petition, and further alleges that the Court has venue of this cause because the defendant committed, within the meaning of exception 7 of Art. 1995 of Vernon's Annotated Civil Statutes, a fraud in Johnson County upon the plaintiff herein, and further alleged that the Court had venue in Johnson County of this cause because the defendant is a corporation, and that the conduct of the defendant corporation in Johnson County comes within the meaning of exception 23 of Art. 1995 of V.A.C.S., in that the cause of action, or a part thereof, arose in Johnson County, and because of the further fact that defendant corporation had an agent residing in Johnson County at the time the cause

of action arose, and prayed that the plea of privilege be overruled.

■ Appellant went to trial on its plea of privilege. It did not file, subject to its plea of privilege, any exceptions to plaintiff's original petition, nor to the controverting affidavit. In the absence of special exceptions to the petition or the controverting affidavit, each will be liberally construed in the pleader's favor. See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, pts. 1 and 2, 141 A.L.R. 50. See also Dr. Pepper Co. v. Dr. Pepper Bottling Company of Gonzales, Tex.Civ.App., 297 S.W.2d 741, pt. 1, at page 747 (N.W.H.); Ladner v. Reliance Corporation, Tex., 293 S.W.2d 758.

The judgment is assailed on what appellant designates as four points, they are substantially to the effect that the Court erred:

(1) A prima facie case of rescission is not made out simply by asking for rescission but the pleader must allege and prove equitable grounds for rescission.

(2) Plaintiff's controverting affidavit is not admissible evidence and cannot be used as an aid in making out a prima facie case.

(3) It is necessary in a plea of privilege that the plaintiff make out a prima facie case in order to sustain venue as against a plea of privilege.

(4) A contract cannot be set aside and cancelled by reason of the failure of the defendant to perform an obligation agreed to be performed in the future.

■ Since this is a plea of privilege case, we shall devote our attention first to appellant's Point 3. Appellee, in his controverting affidavit, sought to maintain venue in Johnson County under Subdivisions 7 and 23 of Art. 1995, V.A.C.S. Subdivision 7 aforesaid was construed by the late Justice Hodges of the Texarkana Court in Edmonds v. White, Tex.Civ.App., 226

S.W. 819, 820 (N.W.H.). In that case, Judge Hodges made this statement of the rule:

"If the suit is based upon a fraud, he may sue in the county where the fraudulent act was committed, and there try his right to recover his damages, or any appropriate relief to which he may be entitled. When the plaintiff introduces proof of a transaction which may constitute an actionable fraud, and shows that this transaction occurred in the county where the suit is filed, he has furnished all the essentials required to support a judgment sustaining the venue. It is not necessary that the evidence set out facts other than those which the particular judgment is to determine. In this instance, the question is, Where was the fraud committed? In other words, Where did the fraudulent transaction take place? When the fact is ascertained the court is prepared to render a judgment designating where the issue of liability shall be tried." The foregoing rule was followed by the Amarillo Court in Griffin v. Linn, Tex.Civ.App., 3 S.W.2d 148, pt. 9 (writ dis.). So far as we have been able to find, the foregoing rule has been adhered to uniformly by our appellate courts.

With reference to Subdivision 23, our Supreme Court in Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, has held in effect that when plaintiff seeks to invoke Subdivision 23 in order to defeat a plea of privilege, he has the burden both to plead specifically and to prove facts showing that a cause of action arose in his favor against the defendant. Our Supreme Court reaffirmed this doctrine in Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605, Pt. 2. So far as we have been able to find, our Supreme Court has not departed from this rule. See also Milligan v. Southern Express Co., 151 Tex. 315, 250 S.W.2d 194.

Going back to the testimony tendered in this cause, we think we should say that we have carefully considered it and we are of the view that it is sufficient to sustain the trial court's implied finding to the effect that the stock was sold by defendant's duly authorized agent and representative operating in Johnson County, and that the statements as made by the agent to the plaintiff were fraudulent, and that these false and fraudulent statements induced the plaintiff to enter into the contract for the purchase of the stock, and but for these fraudulent statements plaintiff would not have purchased the stock, and would not have sustained a loss by so doing. It follows that we are of the view that there is no merit in appellant's Points 1, 2, 3 and 4, and each is overruled. See Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164, points 6 and 7, page 166.

Accordingly, the judgment of the trial court is

Affirmed.