**APPELL PETROLEUM CORPORATION,**
Appellant,

v.

**G. W. TOWNSEND LEASE SERVICE,**
Appellee.

No. 32.

Court of Civil Appeals of Texas.

Corpus Christi.

Feb. 6, 1964.

Lawrence H. Warburton, Jr. (of Perkins, Floyd, Davis & Oden), Alice, for appellant.

Austen H. Furse (of Bell, Camp, Gwin & Furse), Bay City, for appellee.

GREEN, Chief Justice.

Appell Petroleum Corporation, hereinafter styled Appell, appeals from an order of the trial court overruling its plea of privilege to be sued in Jim Wells County, where its principal office is located. Appellee G. W. Townsend Lease Service, a partnership, hereinafter called Townsend, to support the venue in Matagorda County, relies upon that portion of Subd. 23, Article 1995, Vernon's Ann. Tex. St., reading as follows:

> "Suits against a private corporation * * * may be brought * * * in the county in which the cause of action or part thereof arose."

The venue facts necessary to be plead and proved in order for Townsend to be entitled to maintain his suit against Appell in Matagorda County are (1) that Appell is a private corporation; (2) that Townsend has a cause of action against Appell; (3) that said cause of action, or a part thereof, arose in Matagorda County, Texas.

■ There being no findings of fact or conclusions of law in the record, it is presumed that the trial court found all fact issues raised by the evidence in favor of the judgment. It is our duty to examine the testimony in the light most favorable to appellee and to indulge every reasonable inference in support of the judgment. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Lambert Corporation v. Martin, Tex. Civ.App., 369 S.W.2d 703, writ dism.

That appellant is a private corporation is an admitted fact and hence not in issue.

Townsend's suit, based on a sworn account, is to recover from Appell and other defendants, including one L. W. Dennis, Jr., Trustee, for work done, materials furnished and for rental and maintenance of a board road on a mineral lease in Matagorda County constructed by Townsend in May, 1961, for defendant Bauman and put to use by defendants Dennis and Appell during the drilling operations on the lease from June to and including September, 1961. Appell and Dennis, who by assignments owned the working interests in the lease, entered into a written contract on June 9, 1961, by the terms of which Appell became obligated to drill a well on the lease, "and to furnish and to pay for the complete drilling rig, all of the necessary tools, appliances, materials, equipment and other items and labor (including the water well heretofore drilled and pits heretofore dug on the leased premises, but excluding the cost and expense of the construction of the board road heretofore laid to the well site) for drilling, completing and equipping said well and that same shall be the exclusive responsibility of Appell until said well is so drilled, completed and equipped without further cost, expense or obligation of or against the said L. W. Dennis, Jr., Trustee, his heirs, successors or assigns."

The contract further provided that, commencing at the casing point of the completion of the well, the two parties were to share all future expenses of their operations on the leased premises in proportion to their respective interests.

Townsend concedes that Appell is not liable for the expenses incurred in the construction of the board road. The only claim that appellee now asserts against Appell is for rental use of this board road from August 27, 1961, to September 27, 1961. It appears from the testimony that the well was completed prior to August 27 and that the drilling rig was taken out; however, work was still going on with a work-over rig operated by appellant in September, and appellant's employees in actual charge of the operations on the lease had asked that appellee maintain said road on the premises during such period.

W. H. Appell, president and principal stockholder of appellant corporation, testified that his company actually made use of the board road from the time they moved on the lease through September—that they had to use such road until a permanent shell road was built there. He subsequently, on cross-examination by his counsel, changed his testimony about the necessity for the board road being on the lease in September and also denied that any one connected with his company with proper authority agreed to bind the company for the continued use of the road, but this was a matter for the trial court to pass on.

■■ Appellant insists that since appellee placed the witness W. H. Appell on the stand without calling the court's attention to his being an adverse witness, appellee is bound by his testimony that none of the officers or authorized agents of his company contracted for the services which are the basis of appellee's claim. The evidence was hearsay and not binding on appellee or the court. Wood v. Self, Tex.Civ.App., 362 S.W.2d 188, n. w. h; McCormick & Ray, Texas Law of Evidence, Vol. 1, § 31. W. H. Appell was president and the majority stockholder of appellant company, and it was not necessary in order to avoid being bound by his testimony that appellee inform

the court that he was placed on the stand as an adverse witness. Rule 182, Texas Rules of Civil Procedure; McCormick & Ray, Texas Law of Evidence, Vol. 1, § 485. There is testimony from plaintiff J. S. Williams, a partner in the Townsend firm, that the employees of Appell in charge of the operations on the lease had requested that the board road be maintained on the lease for Appell's use during the period in question.

 The verified petition, made a part of appellee's controverting affidavit by proper reference, was in evidence. The invoice covering the period from August 27 to September 27, 1961, details the account for which Townsend seeks to hold Appell responsible. . Appell having gone to trial on its plea of privilege without filing any special exceptions to the petition or controverting affidavit, each will be liberally construed in the pleader's favor. Lanark Corporation v. Conover, Tex.Civ.App., 321 S. W.2d 930, writ dism. In the absence of any special exceptions, we find Townsend's pleadings sufficient to allege a cause of action against appellee.

██ J. S. Williams testified as a witness for appellee. We find the testimony sufficient to raise fact issues that during the month of September, 1961, Appell was operating a rig on the lease, that due to the soft condition of the ground it was necessary to keep the board road until Appell got all of his equipment out, that the employees of Appell in immediate charge of the lease had asked that the road be left on the lease for their use, that Appell, in connection with its operations on the lease during such period, did make use of the board road, and that such road was necessary for its purposes until a permanent shell road was constructed to the well, that the leased property, including the board road, was located in Matagorda County, Texas, and that the rental charge was not unreasonable. The shell road was not constructed until after September 27, 1961. We hold the evidence sufficient to create an issue as to Appell's

liability for the maintenance and rental on such board road as sued for.

The trial court having found that the pleadings and evidence were sufficient to show a prima facie cause of action against appellant corporation arising in Matagorda County, we do not believe his judgment should be disturbed.

Affirmed.