Arturo C. **GONZALEZ**, Appellant,

v.

William G. **BURNS**, Appellee.

No. 14412.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 24, 1965.

Rehearing Denied Dec. 29, 1965.

Arturo C. Gonzalez, Del Rio, for appellant.

W. R. Smith, San Antonio, for appellee.

CADENA, Justice.

Appellant, Arturo C. Gonzalez, complains of the refusal of the trial court to sustain his plea of privilege.

Appellee, William G. Burns, filed suit in Bexar County against appellant and Ramon D. Bosquez, individually and as partners carrying on business under the firm name of Inter-American Advertising Agency, to recover on a promissory note in the principal amount of $40,000.00. The note, which is expressly made payable in San Antonio, Bexar County, was executed by Bosquez, acting for himself and for the partnership.

Bosquez filed no answer, and an interlocutory default judgment has been rendered against him. Appellant filed a plea of privilege asserting his right to be sued in Val Verde County, the county of his residence. The controverting affidavit filed by appellee seeks to maintain venue in Bexar County under Subd. 5 of Art. 1995, Vernon's Ann.Civ.Stats., which provides, in substance, that where a person has contracted in writing to perform an obligation in a particular county named in such written instrument, suit upon the obligation may be maintained in the county so designated.

**900**

Appellant's brief contains no point challenging the sufficiency of the evidence to support the implied finding of the court, in overruling the plea of privilege, that Bosquez, at the time he executed the note, was authorized to bind the partnership. We must, therefore, assume that Bosquez, at the time he executed the note in question, was acting within the scope of his authority as appellant's partner. Since the appellee's suit is for the enforcement of a written contract expressly made payable in Bexar County, and since we must assume that the evidence established that the note was executed by one having authority to bind appellant, the suit was properly maintainable in Bexar County under Subd. 5. 1 McDonald, Texas Civil Practice, § 4.11; Clark, Venue in Civil Actions in Texas, p. 45.

Appellant contends that the trial court erred in overruling his plea of privilege because he is not a necessary party to the suit filed by appellee. The question of whether or not appellant is a necessary party to appellee's suit would be relevant only if the only basis for maintaining venue in Bexar County were Subd. 29a of Art. 1995. If, as we hold, venue is properly maintainable in Bexar County under Subd. 5, there is no need to concern ourselves with the applicability of Subd. 29a.

The only other contention raised by appellant here is that the trial court erred in overruling his special exceptions to appellee's controverting affidavit. The record before us contains no order of the trial court reflecting the action taken with reference to such exceptions. The transcript does contain an instrument denominated "Bill of Exception No. 1," which is approved by the trial court and recites that the court overruled such exceptions and that appellant excepted to such action.

It is well settled that rulings of the trial court relating to the sufficiency of pleadings must be shown by order or judgment entered in the minutes, and not by bill of exception. Rulings on pleadings reflected only by bill of exception will not be reviewed. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155 (1945); Epting v. Nees, Tex.Civ.App., 25 S.W.2d 717, wr. ref.; Merrick v. Street, Tex.Civ.App., 91 S.W.2d 851, wr. ref.; Rule 376, T.R.C.P.

The judgment of the trial court is affirmed.