**ALLAN CONSTRUCTION COMPANY, INC., Appellant,**

v.

**PARKER BROTHERS & CO., INC., Appellee.**

No. 7772.

Court of Civil Appeals of Texas, Beaumont.

March 25, 1976.

Rehearing Denied April 15, 1976.

E. H. Thornton, Jr. and W. L. Burnett, Houston, for appellant.

Robert L. Rouner, Houston, for appellee.

STEPHENSON, Justice.

This is an appeal from an order overruling defendant's plea of privilege. The parties will be referred to here as they were in the trial court.

Parker Brothers & Company, Inc., filed this suit in Harris County for debt with the primary allegations that defendant, Allan Construction Company, Inc., and Francis L. Bertling (Bertling) were engaged in a joint venture in connection with the construction of the East Bank Brazos River Levee in Brazoria County. Plaintiff furnished mate-

rials used in that construction, and this suit is to recover the amount not paid for. Defendant's plea of privilege alleges it is a corporation with its domicile in Bexar County. Plaintiff's controverting plea relies upon Tex.Rev.Civ.Stat.Ann. art. 1995 §§ 5 (Supp.1975–76) and 23 (1964), to retain venue in Harris County. There are no findings of fact or conclusions of law.

June 30, 1970, defendant and Bertling entered into a written contract with the United States of America for this construction. A performance bond and a payment bond were required and were furnished. September 30, 1970, defendant and Bertling entered into a written agreement between themselves outlining their respective duties and responsibilities. In such agreement defendant was to receive 3 percent of the final gross contract amount as its fee for furnishing the required bonding capacity. Bertling was responsible for financing the project, with all bills to be rendered in its name. All monies for work performed were to be sent to defendant to deposit in the defendant-Bertling joint venture account at the Frost National Bank in San Antonio. Defendant was to then forward to Bertling a check in this amount of 97 percent of the net monthly estimate so that Bertling could make full and prompt payment of all job costs including material. In June of 1971 plaintiff began to furnish material for this job. Plaintiff would furnish Bertling with an invoice, who would prepare a voucher for payment, and then mail checks to plaintiff in Houston. However, when the invoices were received from plaintiff by Bertling for materials furnished July, August, and September, 1971, even though the money was sent by defendant to Bertling, Bertling could not make the payments, because the money was withheld by its Galveston bank. Then October 1, 1971, defendant and Bertling entered into a new written agreement whereby defendant took over the management and responsibility for completing this construction job. Such agreement contained this provision:

"Allan will pay the back materials invoices, and any unpaid labor checks that may be unpaid at this time, but will not assume the obligation of paying any other bills."

■ The record before us shows that defendant is a private corporation. In *Stone Fort Nat. Bank of Nacogdoches v. Forbess*, 126 Tex. 568, 91 S.W.2d 674, 676 (1936), we find this statement:

"The provision of exception 23 of article 1995, supra, which permits 'a private corporation, association or joint stock company' to be sued 'in any county in which the cause of action, or a part thereof, arose,' means that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought."

Then, in *Employers Casualty Company v. Clark*, 491 S.W.2d 661 (Tex.1973), it was made clear that under subdivision 23 a plaintiff must still prove a cause of action by at least proving a right and a breach by defendant.

■ Plaintiff's evidence shows Bertling made a contract to purchase material from plaintiff that was used on the project in question. To maintain venue under Section 23, plaintiff had to prove either that the contract was made in Harris County or that the contract was breached in Harris County. *Delhi Gas Pipeline Corporation v. Allgood*, 492 S.W.2d 651 (Tex.Civ.App.—Tyler 1973, no writ). In addition, plaintiff had to prove defendant was bound by that contract because of defendant's relationship with Bertling.

■ The evidence shows plaintiff furnished a quotation of prices of materials which was used by Bertling in preparing a bid on this project. As soon as Bertling and defendant were awarded a contract, Bertling went to Houston and informed plaintiff that plaintiff's quotation would be used. It was settled that plaintiff would sell the material on open account, and, as soon as the material was shipped, would bill Bertling at LaMarque. All invoices sent by plaintiff to Bertling showed them to be payable to Houston, Harris County. Until

defendant took over the job, Bertling paid the account by mailing checks to plaintiff in Houston. Bertling breached its contract by failing to make the payments as agreed. The evidence supports an implied finding by the trial court that an oral contract was made by plaintiff and Bertling in Harris County, which contract was breached when the payments were not made.

The next question for this court to determine is whether or not defendant was bound by the actions of Bertling with plaintiff so that this action can be maintained in Harris County.

The evidence shows the following: Defendant and Bertling made a joint bid for the contract in question and also jointly executed a bid bond. Defendant and Bertling entered into a written contract with the U.S.A. and jointly and severally were obligated to carry out such a contract. Defendant and Bertling executed a performance and payment bond as principals. All money paid by the U.S.A. was sent to defendant's office in San Antonio. The checks were deposited in a joint account of defendant and Bertling in the Frost National Bank in San Antonio. Estimates for labor and material were sent by Bertling to defendant. The plaintiff alleged that Bertling was acting as a joint venturer in this transaction. Defendant denied this under oath; so, joint venture became an issue of fact for the trial court to determine. By overruling defendant's plea of privilege, the trial court impliedly found that there was a joint venture.

■ Even though the contractual relationship existing between defendant and Bertling has many of the characteristics of a joint venture, we have come to the conclusion that it is not one in fact. There are exceptions to the rule, however, generally the requisites of a joint venture are (a) the right to participate in the profits, (b) the obligation to share losses, and (c) joint control of the enterprise. *Mann v. Risinger*, 423 S.W.2d 626 (Tex.Civ.App.—Beaumont 1968, writ ref'd n. r. e.); *Kaiser Gypsum Company v. Jordon*, 399 S.W.2d 588 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.);

and *Luling Oil & Gas Co. v. Humble Oil & Refining Co.*, 144 Tex. 475, 191 S.W.2d 716, 722 (1945). The agreement that defendant would receive 3 percent of the final gross contract amount for furnishing bond capacity was not an agreement to share in the profits. There was no agreement to share in the losses, if any. It is clear from the written agreement between defendant and Bertling that defendant would receive 3 percent without regard to whether there was a profit or a loss on this contract. The provision that defendant was to get 3 percent of the gross contract amount was merely the method used by those parties in determining how much defendant would receive for furnishing bonding capacity. *Jenkins v. Brodnax White Truck Company*, 437 S.W.2d 922 (Tex.Civ.App.—Tyler 1969, no writ), and *Blair v. Rindy*, 358 S.W.2d 685 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.).

■ However we find that defendant is a joint venturer with Bertling by estoppel. The Texas Uniform Partnership Act [Tex. Civ.Stat.Ann. art. 6132b § 16 (1970)] provides in part as follows:

"Sec. 16. (1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made:

(a) When a partnership liability results, he is liable as though he were an actual member of the partnership."

We will not repeat all of the evidence set forth above supporting a finding of joint

venture by estoppel, but such evidence clearly brings this case under Section 16 as set forth above. Defendant is jointly and severally liable with Bertling for the materials furnished by plaintiff under this contract.

We likewise find that defendant may be sued in Harris County under Section 5 of Tex.Rev.Civ.Stat.Ann. art. 1995 (Supp.1975–76) under the same rules of law set forth in our consideration of Section 23. See *Foster v. Pace Packing Co.*, 269 S.W.2d 929 (Tex.Civ.App.—Eastland 1954, no writ); *Gonzalez v. Burns*, 397 S.W.2d 898 (Tex.Civ. App.—San Antonio 1965, writ dism'd); *Romer v. Gruver State Bank of Gruver*, 456 S.W.2d 788 (Tex.Civ.App.—Amarillo 1970, no writ); and *Johnson v. Abco Industries, Inc.*, 460 S.W.2d 957 (Tex.Civ.App.—Eastland 1970, no writ).

AFFIRMED.