**Barney STAGNER, Individually et al.**

v.

**FRIENDSWOOD DEVELOPMENT COMPANY, INC. et al.**

No. 8613.

Court of Civil Appeals of Texas, Beaumont.

March 5, 1981.

Norman C. Dean, Houston, for appellant.

J. Ritchie Field, Conroe, Kenneth Fountain, Houston, for appellee.

CLAYTON, Justice.

This is an appeal from a summary judgment. Appellants filed this suit against appellees, Friendswood Development Company, Inc., King Ranch, Inc., and others who were not parties to this appeal, seeking damages under the Deceptive Trade Practices Act, *Tex.Bus. & Com.Code Ann.*

§ 17.41 *et seq.* (1980–81) (DTPA). Appellees' motion for summary judgment was granted, from which judgment this appeal is perfected.

The summary judgment proof shows the appellees were developers of a subdivision known as Woodland Hills Village. In developing this subdivision, appellees sold lots to independent home builders who in turn would construct residences on the lots, locate purchasers, and sell the homes. Ryland and Superior, co-defendants of appellees (but are not parties to this appeal) are housebuilders in this area, but are independent of and have no corporate or other affiliate relationship with appellees. The only relationship between appellees and Ryland and Superior is that of vendors and purchasers respectively of building lots.

Between November 20, 1974, and August 11, 1975, appellees conveyed twelve lots located in Woodland Hills Village to Ryland and one lot similarly located to Superior. Ryland and Superior, pursuant to their businesses as home builders, constructed residential dwellings on the thirteen lots, and sold and conveyed these residences to appellants.

Appellants' cause of action is based upon allegations that on "or around the period from January 1, 1975, to May 15, 1976, the Plaintiffs purchased homes and homesites from the Defendants; . . . the Defendants . . . made numerous descriptions, statements and representations concerning Defendants' goods and services which were false, misleading, deceptive and fraudulent, and made with the intent to deceive, mislead, and defraud the Plaintiffs." They further alleged the representations were made prior to the purchase of their homes and that "but for the representations, statements and inducements of the Defendants . . . made prior to the purchase of the homes and home sites by Plaintiffs, . . . the Plaintiffs would not have purchased . . ." the homes.

The summary judgment proof clearly and conclusively shows (as shown by the deeds to plaintiffs) that plaintiffs purchased the homes from the builders Ryland and Superi-or. Appellees had conveyed the lots to Ryland and Superior upon dates prior to August 1975.

■ Appellees contend appellants are not "consumers" as defined in *Section 17.45(4)* of DTPA. By definition "consumer" means an "individual . . . who seeks or acquires by purchase or lease, any goods or services." Our Texas courts have consistently held that the Deceptive Trade Practices Act was not intended to cover situations where the defendant is not engaged in any sale or lease transaction *with the plaintiff*. In order to be a consumer under the Act, the plaintiff must seek or acquire goods *from the person he is suing*. Thus, the plaintiff must either purchase or lease goods from the defendant (appellees) or seek to purchase or lease goods from the defendant (appellees) in order to fall within the purview of *Section 17.45(4)* of the Act. *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441 (Tex.Civ.App.—Dallas 1980, writ ref'd n. r. e.); *Hi-Line Electric Company v. Travelers Insurance Company*, 587 S.W.2d 488 (Tex. Civ.App.—Dallas 1979), writ ref'd n. r. e., 593 S.W.2d 953 (Tex.1980).

■ Appellants did not purchase the real property from appellees. Appellees did not have any transactions with appellants in connection with the sale of the property. We, therefore, hold appellants are not consumers under *Section 17.45(4)* of the DTPA and cannot maintain this action against appellees under the DTPA.

There is yet another reason for affirming the action of the trial court in granting the summary judgment against appellants. Appellants' cause of action was based upon representations made in connection with the sale of real property by appellees. This is made clear by their allegations as hereinabove quoted. Appellees had sold the property to the independent builders prior to September 1975, and had no connection with any transaction with the sale to appellants.

Prior to September 1, 1975, a "consumer" was defined in *Section 17.45(4)* of the Act as a purchaser of goods and services.

"Goods" were defined as "tangible chattels bought for use." It was not until September 1, 1975, that the Act was amended to define "goods" as "tangible chattel or real property purchased or leased for use." Since appellees sold the real property prior to September 1, 1975, any act complained of by appellants in connection with the sale of the property occurred prior to that date. The Deceptive Trade Practices-Consumer Act did not apply to such actions, and this case was not properly brought under the Act. *Ferguson v. Beal*, 588 S.W.2d 651 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.).

■ Appellants, by their pleadings, have named themselves as participating "individually as parties to this law suit." They seek to maintain this suit, in the alternative, as a class action suit, alleging that "Barney Stagner and James McMinn, as representative parties, will fairly and adequately protect the interests of the class...." The judgment entered by the trial court names all the appellants (plaintiffs) and "or in the alternative Barney Stagner and James McMinn, individually and on behalf of all other similarly situated ..." and entered judgment against all the named appellants and "in the alternative Barney Stagner and James McMinn, individually and on behalf of all other similarly situated. ..."

Even though appellants alleged, in the alternative, a class action suit, a determination and certification of such was not made pursuant to the provisions of *Tex.R.Civ.P. 42(c)(1)*, and by reason thereof that part of the judgment in the form of a class action was improper. See *Smith v. Lewis*, 578 S.W.2d 169 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.).

The judgment is reformed so as to delete and strike therefrom that part which reads "or in the alternative Barney Stagner and James McMinn, individually and on behalf of all other similarly situated" and, as reformed, is affirmed.

REFORMED and AFFIRMED.

KEITH, J., not participating.