Barney STAGNER et al., Petitioners,

v.

FRIENDSWOOD DEVELOPMENT COMPANY, INC., et al., Respondents.

No. C–383.

Supreme Court of Texas.

July 15, 1981.

Norman C. Dean, Houston, for petitioners.

1. Tex. Bus. & Com. Code Ann. § 17.41 et seq., Texas Revised Civil Statutes Annotated.

Kenneth P. Fountain and Anne Pace, Houston, J. Ritchie Field, Conroe, for respondents.

PER CURIAM.

Petitioners, Barney Stagner and twelve other purchasers of homes in Woodland Hills Village brought this suit against respondents, Friendswood Development Company, Inc., and King Ranch, Inc., developers of the subdivision, seeking to recover damages under the Deceptive Trade Practices Act (DPTA)[1]. Sued also were the builders of these homes; but these builders who purchased the lots from respondents, built the homes, and sold the homes to petitioners have been severed from this cause.

The trial court rendered a take-nothing summary judgment for respondents. The court of civil appeals reformed the judgment to strike the alleged class-action plaintiffs and, as reformed, affirmed the take-nothing judgment. 613 S.W.2d 793.

■ We agree with the holding of the court of civil appeals that petitioners are not consumers. "Consumer" is defined in Section 17.45(4) of the DTPA. Prior to the amendment of Section 17.45(4), effective September 1, 1975, a "consumer" as defined did not include a purchaser of real property. There is no summary judgment evidence in the record that respondents committed any act after August 31, 1975, in connection with the real estate purchased by petitioners.

■ We disapprove the holding by the court of civil appeals that privity is required to make one a consumer under the DTPA. *See: Cameron v. Terrell and Garrett, Inc.,* 618 S.W.2d 535 (Tex.1981).

The application for writ of error is refused, no reversible error.