**FIRST TITLE COMPANY OF CORPUS CHRISTI, INC. & St. Paul Title Ins. Corp., Appellants,**

v.

**Walter G. COOK, Appellee.**

**No. 18518.**

Court of Appeals of Texas, Fort Worth.

Dec. 10, 1981.

Rehearing Denied Dec. 31, 1981.

Jearl Walker, Fort Worth, Hunter, Drake, Stewart, Salzberger & Vineyard and Harry L. Martin, Jr., Dallas, for appellants.

Cantey, Hanger, Gooch, Munn & Collins and Charles L. Stephens, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is a venue case. Appellee alleges violations of the Deceptive Trade Practices Act, Tex.Bus. & Comm.Code Ann. § 17.41 et seq. (1977). Alternatively, he alleges breach of contract and seeks treble damages or specific performance.

To maintain venue in Tarrant County, appellee relies upon code § 17.56 (1977) and Tex.Rev.Civ.Stat.Ann. art. 1995 subds. 23 and 29a.

The trial court overruled the pleas of privilege of both appellants.

We affirm.

In controversy is a bill of sale dated February 1, 1973, covering the appellee's sale of the assets of his abstract and title business to "C. S. TITLE INSURANCE COMPANY, its successors and assigns." The document includes the following paragraph:

"10. As a condition to this sale, and as part of the consideration to the seller, Walter G. Cook, or his assigns, or heirs, or executors, hereby retains the right to copy the abstract plant being sold together with any updating or improvements thereon. This right may be exercised at any time within ten years from the date of this bill of sale by Walter G. Cook, or his assigns or heirs, or executors, giving 30 days written notice delivered to the party in possession of said plant, and this right shall be a covenant running with the plant and the Grantees of the plant."

The same day, C. S. Title Insurance Company executed its own bill of sale, conveying the assets to First Title Company of Corpus Christi, Inc. The second bill of sale contained substantially the same covenant for appellee's benefit, as the first.

On March 25, 1977, the appellant St. Paul Title Insurance Corporation purchased C. S. Title Insurance Company.

In 1978, appellee sought to copy the abstract plant, and First Title Corporation denied him permission.

Alternatively, appellee alleges that (a) C. S. Title Insurance (now St. Paul) and First Title have breached an express or implied warranty to him, or (b) there was common law fraud by First Title, or (c) that the appellee is third party beneficiary of the covenant in the second bill of sale, or (d) if not entitled to damages then he seeks specific performance from First Title.

Appellee's original petition alleges that by breaching the express or implied warranty which entitles him to copy the abstract plant, both appellants have committed a false, misleading and deceptive act or practice prohibited by DTPA.

Appellee's controverting pleas incorporated the allegations of his original petition and swear those allegations to be true and correct within his personal knowledge.

The controverting pleas further rely on subdivision 23, alleging appellee's rights under the covenants in each bill of sale and that a part of his cause of action against each corporate defendant arose in Tarrant County; that First Title is a necessary party within the scope of subdivision 29a; and that DTPA § 17.56 (1977) additionally fixes venue in Tarrant County as to St. Paul Title, the successor to C. S. Title Insurance.

The order appealed from and the record before us do not reveal which venue statute the trial court relied upon in overruling appellant's pleas of privilege.

There are no findings of fact or conclusions of law, so we do not know whether the court held that venue was established under art. 1995, subdivision 23 or 29a, or DTPA § 17.56.

Therefore we must presume that the trial court made all necessary findings to support its order, if the evidence is sufficient to warrant such findings. *Brazos Valley Harvestore Systems, Inc. v. Beavers*, 535 S.W.2d 797 (Tex.Civ.App.—Tyler 1976, writ dism'd).

We note that several of appellants' points of error assert that Tarrant County venue may not be sustained against First Title under subdivision 29a; but there is no such point as to subdivision 23.

Under subdivision 23, there must be proof that the plaintiff has a cause of action against the defendant corporation and that the cause of action, or part thereof, arose in the county of suit. *Appell Petroleum Corp. v. G. W. Townsend Lease Serv.*, 375 S.W.2d 547 (Tex.Civ.App.—Corpus Christi 1964, no writ).

To prove a cause of action under subdivision 23, the plaintiff must prove that his right was breached by the defendant. *Allan Const. Co. v. Parker Bros. & Co.*, 535 S.W.2d 751 (Tex.Civ.App.—Beaumont 1976, no writ).

Further, some part of the transaction creating the primary right must have

occurred in the county in which suit was brought. *Inwood Nat. Bank of Dallas v. First B & T of Bryan*, 485 S.W.2d 842 (Tex.Civ.App.—Waco 1972, no writ).

■ Without findings of fact or conclusions of law, we must indulge every reasonable intendment in favor of the trial court's order. *American Empire Life Insurance Company v. Hakim*, 312 S.W.2d 739 (Tex.Civ.App.—El Paso 1958, no writ). If there is evidence to support a presumed finding, we must accept it as true. *Sheldon Petroleum Co. v. Peirce*, 546 S.W.2d 954 (Tex.Civ.App.—Dallas 1977 no writ).

We must disregard all evidence opposed to the trial court's ruling and consider only the evidence favorable to it. *Reliance Universal, Inc. v. I. C. S. Corporation*, 452 S.W.2d 926 (Tex.Civ.App.—Fort Worth 1970, no writ).

Appellee's pleadings are based in part upon two bills of sale. St. Paul is alleged to be a party to each instrument, by virtue of being the successor to C. S. Title Insurance Company.

The bill of sale reflecting the transaction between C. S. Title and First Title was signed for C. S. Title by Truman Bryce.

Appellee alleges that he has a right under that document, which First Title has breached.

The evidence shows that copies of the bills of sale were admitted into evidence over appellants' objections that the copies were hearsay, not best evidence and not authenticated.

The trial court, within its discretion, reviewed First Title's answer to a request for admission and deemed First Title to have admitted receiving the original of its bill of sale. Mr. Bryce's authority to execute the bill of sale was not denied under Tex.R. Civ.P. 93(h).

The evidence shows that Mr. Bryce signed the bill of sale in Tarrant County, before a notary public. It also shows that St. Paul, via C. S. Title, is a party to both instruments, and First Title is a party to one.

First Title's denial of appellee's request to copy the abstract plant as provided in the bill of sale is shown by the evidence.

Based upon the evidence, we may presume that the trial court found that venue was established in Tarrant County as to First Title under subdivision 23.

We next consider whether the appellee established venue in Tarrant County as to St. Paul under DTPA § 17.56.

■ To be eligible to maintain an action under the DTPA, the complainant must be a *consumer*, as defined in § 17.45(4) of the Act. *Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169 (Tex.1980).

■ The Act does not demand that a complainant use the word "consumer" to describe himself in pleading his cause of action. He must, however, allege facts which will show him to be a person within the statute's definition of "consumer." *Cameron v. Terrell and Garrett, Inc.*, 618 S.W.2d 535 (Tex.1981); *Riverside Nat. Bank, supra.*

Section 17.45(4) defines "consumer" as: "an individual, partnership, corporation, or governmental entity who seeks or acquires by purchase or lease, any goods or services."

We are required to give the DTPA the most liberal construction and comprehensive application possible, without doing violence to its terms. *Cameron, supra.*

■ The DTPA definition of "services" in § 17.45(2) (1980–1981), is not conclusively helpful in the instant case. That definition provides, in part:

" 'Services' means ... *service* purchased or leased for use ...."

Therefore we must consider how the word "services" has been construed by the courts of this state.

The Supreme Court had defined "services" to include "conduct or performance that assists or benefits someone." *Riverside Nat. Bank, supra; Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 (Tex.1962).

Appellee's pleadings allege him to be an individual, who seeks the services specified in the bills-of-sale covenants; that is, making the abstract plant, updated and improved, available for copying.

■ As construed by the Supreme Court in *Cameron*, the DTPA definition of "consumer" simply describes a class of persons who can bring suit for treble damages under § 17.50, as appellee had done.

He need not be a "consumer" of goods or services *from the defendant* to be entitled to maintain an action under the DTPA. *Cameron, supra.*

■ Under the DTPA, when a plaintiff seeks goods or services, furnished by the defendant, it is not even necessary that the parties be in privity or a contractual relationship. *Cameron*, supra; *Stagner v. Friendswood Development Co., Inc.*, 620 S.W.2d 103 (Tex.1981).

■ We conclude that the appellee's pleadings do allege that his cause of action arose from a transaction wherein he was a consumer in the context that he bargained for, sought, and was refused, "services" within the meaning of the DTPA.

■ Venue is controlled by the law in effect when a suit is filed. *Dairyland County Mut. Ins. Co. v. Harrison*, 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

Suit was filed August 8, 1979. DTPA § 17.56 then provided that a claim such as the appellee's "may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business."[1]

Under § 17.56 as then written, a plaintiff was only required to *allege* a cause of action, not prove it. *Frost v. Molina*, 595 S.W.2d 184 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd).

Appellee's allegations of breach of express or implied warranty by each appellant constitutes a cause of action under DTPA § 17.50(a)(2).

Since St. Paul Title neither resided nor had a principal place of business in Tarrant County, appellee had to prove St. Paul Title had done business there. Section 17.56 (1977).

■ Proof of even a single transaction would satisfy that requirement. *Legal Security Life Insurance Company v. Trevino*, 605 S.W.2d 857 (Tex.1980).

At the venue hearing, appellee challenged St. Paul Title's previous answers to certain requests for admissions. It is within the trial court's broad discretion to deem a request admitted when the reply is not responsive or no answer is made. Tex.R. Civ.P. 169; *Bynum v. Shatto*, 514 S.W.2d 808 (Tex.Civ.App.—Corpus Christi 1974, no writ).

The trial court deemed the following to have been admitted by St. Paul Title:

1. St. Paul· is the business successor to C. S. Title Insurance Company.

2. C. S. Title Insurance Company solicited, in Tarrant County, its 1973 acquisition of the abstract plant.

Under Rule 169, any matter so admitted is conclusively established.

Witness Larry Wood testified that he was president of a company that had served as agent in Tarrant County for St. Paul Title. His testimony was reinforced by various licenses and documents admitted into evidence.

■ We conclude the appellee had (a) alleged himself to be a consumer seeking services from St. Paul Title, (b) alleged St. Paul's breach of express or implied warran-

---

1. Effective August 27, 1979, § 17.56 was amended to read:

"An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has a fixed and established place of business at the time the suit is brought or in the county in which the alleged act or practice occurred or in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar." This amendment does not affect the case at bar.

ty as a producing cause of actual damages, and (c) proven that St. Paul Title had done business in Tarrant County prior to the suit.

Based upon the evidence, we may presume that the trial court found that the appellee established venue in Tarrant County as to St. Paul Title by meeting the requirements of DTPA § 17.56 (1977).

We have considered all of appellants' other points of error, and all are overruled.

Judgment of the trial court is affirmed.