The CITY OF HOUSTON, Texas, Appellant,

v.

D.R. WAGGONER, et al, Appellees.

No. 01-83-0491-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 2, 1984.

Rehearing Denied March 1, 1984.

Joseph A. Callier, Edward A. Cazares, F.J. Coleman, James K. Gardner, Houston, for appellant.

Thomas E. Lucas, Emmett S. Huff, Van H. Hendrix, Houston, for appellees.

Before BASS, BULLOCK and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a judgment denying injunctive relief and cancelling certain deed restrictions to lots in Spring Branch Estates No. 2, in Houston. The judgment is reversed.

On June 19, 1981, the appellant (City), under the authority granted it under article 974a-1, Tex.Rev.Civ.Stat.Ann., filed suit against the appellees to enjoin them from using their lots in Spring Estates No. 2, for commercial activities, such use being prohibited by the restrictive covenants in force within that subdivision.

Art. 974a-1, Tex.Rev.Civ.Stat.Ann., reads as follows:

Art. 974a-1. *Enforcement of land use restrictions contained in plats; certain cities, towns and villages*

*Application*

Section 1. This Act applies to incorporated cities, towns, or villages if the incorporated city, town, or village does not have zoning ordinances and provided the city, town, or village passes an ordinance that requires uniform application and enforcement of this statute to all property and citizens.

*May sue to enforce restrictions*

Sec. 2. (a) An incorporated city, town, or village may sue in any court of compe-

tent jurisdiction to enjoin or abate violation of a restriction contained or incorporated by reference in a duly recorded plan, plat, replat, or other instrument affecting a subdivision inside its boundaries.

(b) As used in this Act, "restriction" means a limitation which affects the use to which real property may be put, fixes the distance buildings or structures must be set back from property lines, street lines, or lot lines, or affects the size of a lot or the size, type, and number of buildings or structures which may be built on the property.

### Previously recorded plan, plat, replat, or other instrument

Sec. 3. Restrictions contained in a plan, plat, replat, or other instrument duly recorded before the effective date of this Act may be enforced as provided in Section 2 but a violation of a restriction occurring before the effective date of this Act may not be enjoined or abated by the said city, town, or village as long as the nature of the violation remains unchanged. An incorporated city, town, or village may not enforce a restriction that violates the Constitution of the United States or of this State.

The appellees answered, pleading waiver, abandonment, change of conditions, laches, and limitations as defenses. It also filed a counterclaim against the City and a cross action against the Spring Branch Estates II Civic Club, as an alleged class representative of the lot owners within Spring Branch Estates No. 2. However, the appellees took a voluntary nonsuit as against the Civic Club before the trial began.

The following two special issues were submitted to the jury:

### Special Issue No. 1

Do you find from a preponderance of the evidence that the 'single family residence' restrictions in Spring Branch Estates No. 2 was abandoned prior to June 19, 1977?

Abandonment means an extensive and material violation that would lead to the conclusion that the 'single family residence' restriction had in fact been abandoned in Spring Branch Estates No. 2. You are instructed that the phrase 'extensive and material' means violations that are found throughout the subdivision as opposed to a single or isolated instance.

Answer 'We do' or 'We do not'.

To which the jury answered: "We do."

### Special Issue No. 2

Do you find from a preponderance of the evidence that prior to June 19, 1977, the City of Houston knew or should have known of the property restriction violations committed by said Defendants?

| | | We do | We do not |
|---|---|---|---|
| a. | D. R. Waggoner and Sue Waggoner | ____ | ____ |
| b. | Larry Roach and Rachael Roach | ____ | ____ |
| c. | Lynne Cubison, d/b/a Hi-Lo Wrecker | ____ | ____ |
| d. | R. A. MacEachern | ____ | ____ |
| e. | Swinford Enterprises, Inc. | ____ | ____ |

Answer 'We do' or 'We do not'.

To which the jury answered: "We do not."

The trial court granted judgment on the verdict decreeing that the appellants take nothing by their action for injunctive relief, and cancelling the building and use restrictions on the lots in Spring Branch Estates No. 2.

The appellant contends that the trial court erred in entering the declaratory judgment cancelling the restrictive covenants because the parties in interest were not represented and because the City of Houston was not and could not be a class representative according to the provisions of Tex.R.Civ.Pro. 42.

We agree with appellant. Article 974a–1 only permits an incorporated city, town, or village to sue to enjoin or abate a violation of a recorded restriction in subdivisions

with the city, town, or village. The statute neither expressly nor impliedly gives the City authority to defend deed restrictions against one legally attacking them, or to represent the lot owners against such an attack.

Although the appellees could have maintained a class action against the lot owners, so that a determination of the issues could have been settled in this one suit, they would be required to comply with Tex.R. Civ.P. 42(c)(1), before a judgment could bind the lot owners. *Stagner v. Friendswood Development Company, Inc.*, 613 S.W.2d 793 (Tex.App.—Beaumont 1981, writ ref'd 620 S.W.2d 103).

There was no hearing before the trial court, as required by Tex.R.Civ.P. 42(c)(1), to determine if the class action could be maintained, or under (c)(2) of the rule to determine what would be appropriate notice to members of the class. *Parker County v. Spindletop Oil & Gas Co.*, 628 S.W.2d 765 (Tex.1982).

Appellant's first point of error is sustained.

The appellant's second point of error urges that the trial court erred in entering a judgment that did not comport with the verdict of the jury.

In its answer to special issue no. 1, the jury found that the single family residence restriction in Spring Branch Estates No. 2 were abandoned prior to June 19, 1977.

The records show that the original deed restrictions in Spring Branch Estates No. 2 had been modified by judgment in 1974, which judgment authorized multi-family dwellings in this subdivision. Before that judgment the restrictions allowed only single family residences. The special issue should have confined the abandonment to residences, or to whether the original restrictions, as amended by the 1974 judgment, were abandoned. The appellant's second point of error is also sustained.

The judgment is reversed and the cause remanded.