**CAPE CONROE LIMITED dba U. S. Land Development Company, et al., Appellants,**

v.

**Edith Mary SPECHT, Appellee.**

**No. 1179.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 11, 1975.

Rehearing Denied July 2, 1975.

Michael K. Swan, Reynolds, White, Allen & Cook, Houston, for appellant.

William Dean Leikam, Houston, for appellee.

## MAJORITY OPINION

TUNKS, Chief Justice.

This is a case wherein Edith Mary Specht, as the purchaser of two lots from Cape Conroe Limited, doing business as U.S. Land Development Co. and Ves-Tex Land Development, Inc., sued those sellers, Joe Reynolds, a limited partner of Cape Conroe Limited, and John L. Buvens, the trustee in a deed of trust securing purchase money notes, for alleged violations of the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Comm.Code Ann., Chapter 17, Subchapter E, V.T.C.A. The case was tried to the court without a jury.

On October 12, 1972, the plaintiff and defendants entered into a written contract wherein plaintiff agreed to buy and defendants agreed to sell two lots in Cape Conroe

subdivision. That contract contained the sellers' guarantee that all paved streets, underground utilities, and certain recreational facilities would be completed by December 31, 1973, or the buyer would be refunded all monies paid plus ten percent interest. Later, at the plaintiff's request, that contract was replaced by two other contracts, each relating to one of the two lots. The new contracts specifically recite that they replace the original contract of October 12. Those contracts also bear the date October 12, 1972, but they were actually executed at a later date. The new contracts did not have in them the above mentioned guarantee or warranty as to the completion date for the utilities, streets and recreational facilities. On January 2, 1973, deeds, notes and deeds of trust were executed pursuant to these contracts.

There was evidence establishing the fact that appellants, by advertising media and orally, represented that the utilities, streets and recreational facilities would be completed by December 31, 1973. They were not so completed. On December 31, 1973, the plaintiff had paid $6,199.55 toward the purchase price of the lots. She demanded of the defendants the return to her of that sum, together with ten percent interest. The defendants refused to comply with her demand. The evidence showed, and the court found, however, that these representations were all made before May 21, 1973, the effective date of the Deceptive Trade Practices Act. The trial court concluded as a matter of law that the Deceptive Trade Practices Act did not apply to those representations and promises made before its effective date and declined to render judgment for the plaintiff for the measure of damages provided by the Act at Section 17.50—that is, three times the actual damages together with court costs and attorney's fees. It then concluded, as a matter of law, that " . . . the pleadings of Plaintiff, taken as a whole, support a cause of action in favor of Plaintiff based upon a breach of contract theory." He thereupon rendered judgment for plaintiff against the defendants, Cape Conroe Limited, doing business as U.S. Land Development Co. and Ves-Tex Land Development, Inc., for $6,819.55 with interest at six percent. The judgment, in effect, rescinds the purchase of the lots, restoring to the plaintiff the money she paid, relieving her of liability for the balance of the purchase price, and restoring to the defendants title to the two lots in question. The trial court rendered judgment that the plaintiff take nothing from the defendants, Reynolds and Buvens. Cape Conroe and Ves-Tex have appealed.

The appellants' principal contention on their appeal is that the judgment rendered by the trial court is not supported by plaintiff's pleadings. That contention is sustained.

Plaintiff proceeded to trial on her original petition. The opening words of that pleading read as follows:

This lawsuit arises out of the advertisement and sale of real property, concerning the general provisions of *Chapter 17, Sub-Chapter E, Business and Commerce Code of Texas,* otherwise known as the DECEPTIVE TRADE PRACTICES–CONSUMER PROTECTION ACT (hereinafter called DTP–CPA).

In the body of her petition plaintiff listed seven specific acts of defendants on which her cause of action was based and alleged that each of them was a violation of a given section of the Deceptive Trade Practices Act. In her prayer she asked that she recover judgment for triple damages " . . . pursuant to the provisions of the Deceptive Trade Practices-Consumer Protection Act . . . ." She asked that she recover reasonable attorney's fees " . . . pursuant to the provisions of the Deceptive Trade Practices-Consumer Protection Act . . . ." She asked for " . . . further relief, as provided for in the Deceptive Trade Practices-Consumer Protection Act . . . ." She asked for post judgment interest and had the usual prayer for general relief.

No language of plaintiff's pleadings states that a contract arose between her and the defendants and that she is asserting a cause of action either under that contract or for its breach. During the oral submission of this case, counsel for plaintiff was asked to identify the contract upon which the trial court's judgment could be sustained. He stated that it was the original written contract of sale, dated October 12, 1972, in which there was the written guarantee as to the completion of the utilities, streets and recreational facilities. This contention was made in spite of the fact that the only contracts plaintiff offered in evidence were those subsequently executed ones, each covering one of the two lots, omitting the written guarantee, and reciting in each that it "replaces" the contract of October 12, 1972. This contention was also made in spite of the fact that plaintiff's counsel, in objecting to a question by defendants on cross-examination of the plaintiff, said: "There is no allegation made that she was relying on a written contract making this kind of guarantee of any sort."

■ "The judgment of the court shall conform to the pleadings . . . ." Texas Rules of Civil Procedure 301. In this case the trial court erred in concluding that the plaintiff's pleadings entitled her to recover damages for breach of contract or to a judgment rescinding sale of the property in question. In *Oil Field Haulers Ass'n v. Railroad Commission*, 381 S.W.2d 183, 191 (Tex.Sup.1964), the Court said: "That a plaintiff may not sustain a favorable judgment on an unpleaded cause of action, in the absence of trial by consent, is the general rule . . . ."

The defendants' attorney here specifically recited his objection to trial under any contract theory of recovery. When plaintiff offered in evidence the two contracts which recited that they replaced the contract of October 12, 1973, counsel for defendants said:

I want to state for the record and make it clear that I am not, by not objecting to this contract, waiving any objection as to trying this lawsuit on other theories. In his pleadings, as I understand it, he stated he is going strictly under the Deceptive Trade Practice Act. So he may have some other remedies, I don't think his pleadings support that and I don't want to sit here by consent and try it on some other issue, so for the limited purpose of whether it is under this act, I have no objection to it.

At another place in the record defendants' counsel said, "Your Honor, may we have a running objection to all documentation and testimony occurring prior to May 21, 1973?" The court answered, "Yes, you may have your objection."

Neither the language of plaintiff's pleadings, nor any issues tried by consent justified the court's rendition of a judgment for damages for the breach of, or upon, a contract nor a judgment rescinding any contract. For that reason the trial court's judgment was erroneously rendered.

The trial court held as a matter of law that ". . . all representations, advertisements, statements of fact, guaranties or warranties made by any Defendants . . . were made prior to October 12, 1972." The trial court declined to give the Deceptive Trade Practices Act a retroactive effect and held, as a matter of law, that the plaintiff was not entitled to judgment under its provisions. By cross-point the plaintiff asserts that the trial court erred in this holding. That cross-point is overruled.

■ In the first place, the plaintiff is not entitled to maintain an action for triple damages and attorney's fees under the Deceptive Trade Practices Act. Section 17.50 of the Act is the section authorizing such relief. It is entitled "Relief for Consumers." The opening language states that "[a] consumer may maintain an action if he has been adversely affected by any of the following: . . . ." There then follows a statement of actionable conduct, including those acts of which this plaintiff complains,

and provisions for the relief to be granted, all of which are referable to an action authorized to be brought by a "consumer." The plaintiff is not a "consumer" within the meaning of the statute. Section 17.45 of the Act is entitled "Definitions." It includes this language:

As used in this subchapter:

(1) "Goods" means tangible chattels bought for use.

(2) "Services" means work, labor, and services for other than commercial or business use, including services furnished in connection with the sale or repair of goods.

. . . . .

(4) "Consumer" means an individual who seeks or acquires by purchase or lease, any goods or services.

The plaintiff sues as the purchaser of realty, not goods or services, and is, therefore, not a consumer entitled to maintain the action provided by Section 17.50.

This is not to say that certain acts listed in Section 17.46 as deceptive trade practices are not unlawful when done in connection with real estate sales. That section makes the listed practices unlawful when done "in the conduct of any trade or commerce." Section 17.45 defines "trade" and "commerce" as including the sale of real property. But Section 17.50, under which this suit was brought, does not afford the plaintiff the relief for which she sued because she was not a consumer as defined by the Act and, therefore, not entitled to bring an action under Section 17.50, which is limited by its language to consumers.

■ There is another reason that the trial court properly held that the Deceptive Trade Practices Act did not relate to the plaintiff's cause of action. As stated above, the trial court found that the statements and warranties made by the defendants were all made before May 21, 1973, the effective date of the Act. Section 17.63 of the Act states that "[t]he provisions of this subchapter apply only to acts or practices occurring after the effective date of this subchapter . . . ." Thus, the application of the Act to those practices of the defendants that occurred before the effective date of the Act would be giving it a retroactive application contrary to its express language. The appellee cites, in support of the contentions made under her cross-point, the case of *Crawford Chevrolet, Inc. v. McLarty*, 519 S.W.2d 656 (Tex.Civ. App.—Amarillo 1974, no writ). That case does not support appellee's contentions and is factually distinguishable from the case at bar. In *McLarty*, the deceptive trade practices upon which judgment for a consumer was based were the misrepresentation by the defendant of the authority of its sales manager to execute a contract of sale binding on the defendant and the coercion by the defendant of the plaintiff-consumer into the signing of a more burdensome contract than that which had already been signed. Both acts were done on July 9, 1973—after the Deceptive Trade Practices Act had become effective.

■ The appellee argues that, although the promises as to the completion of the facilities in the subdivision or the alternative refund of her money plus ten percent interest were made before the Act's effective date, their breach did not occur until after that date. The substantive rights and duties of the parties under the agreement between them, if enforceable at all, were those under the law as it existed at the time the agreement was made. A subsequent law that changes those rights and duties would violate Article I, Section 16 of the Texas Constitution, Vernon's Ann.St. *Turbeville v. Gowdy*, 272 S.W. 559 (Tex.Civ. App.—Fort Worth 1925, no writ). In *State v. Humble Oil & Refining Co.*, 141 Tex. 40, 169 S.W.2d 707, 708 (Tex.Sup.1943), the Court said, "It is the law of this State, and the law generally, that, in the absence of any special indication or reason, a statute will not be applied retrospectively, even when there is no constitutional impediment

against it." *See also Government Personnel Mut. Life Ins. Co. v. Wear,* 151 Tex. 454, 251 S.W.2d 525 (Tex.Sup.1952); *Hockley Co. Seed & Delint. v. Southwestern Inv. Co.,* 476 S.W.2d 38 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.).

■ Because the trial court rendered judgment against Cape Conroe Limited, et al., granting relief for a cause of action neither pleaded nor tried by consent, the judgment of the trial court against those defendants must be reversed. However, it appears that the appellee tried her case on the wrong theory and that, under the facts that might be proved if she pleaded and tried her case upon other theories, she may be able to justly prevail. We, therefore, reverse and remand to the trial court that portion of the judgment awarding the plaintiff a recovery against Cape Conroe Limited, doing business as U.S. Land Development Co. and Ves-Tex, Inc. *National Resort Communities v. Cain,* 18 Tex.Sup. Ct.J. 343 (May 28, 1975); *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.Sup.1972). No complaint is made as to that portion of the judgment in favor of Reynolds and Buvens. The trial court's judgment as to them is affirmed.

Affirmed in part and in part reversed and remanded.

CURTISS BROWN, Justice (concurring).

I concur in the result reached. Having correctly held that appellee is not a "consumer," as defined by the Act with respect to the relief she sought, I see no necessity to reach the question as to whether the Act would otherwise apply or as to its constitutionality if so applied. I reserve my views as to these questions for an appropriate case.