**TOWN AND COUNTRY MOBILE HOMES, INC., et al., Appellants,**

v.

**Euell Thomas STILES et ux., Appellees.**

**No. 6528.**

Court of Civil Appeals of Texas, El Paso.

Aug. 25, 1976.

Rehearing Withdrawn Nov. 24, 1976.

Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., Carl Robin Teague, Mitchell & Stewart, John U. Hemmi, B. Frank Pennypacker, III, San Antonio, for appellants.

Evans & Marshall, Allen Cazier, Louis E. Marshall, San Antonio, for appellees.

## OPINION

OSBORN, Justice.

This is an appeal from a recovery under the provisions of the Deceptive Trade Prac-tices-Consumer Protection Act, Tex.Bus. & Comm.Code Ann., Section 17.41. The purchasers of a mobile home recovered trebled damages and attorney's fees from both the manufacturer and seller. We reverse and remand as to the manufacturer, and reverse and render as to the seller.

The Appellees, Euell and Evelyn Stiles, purchased an 80' × 14' mobile home, which had been manufactured by Town and Country Mobile Homes, Inc., from Seabury's Mobile Home Sales, and signed an installment contract on September 6, 1972. The mobile home was delivered to their lot in San Antonio and set up for occupancy at the end of August, 1972. Prior to the purchase, the seller had furnished to the buyers several of the manufacturer's brochures and had represented that this was a high quality mobile home. Mr. and Mrs. Stiles testified that they relied upon the written and oral representations made to them. Shortly after moving into the mobile home, they discovered numerous defects with doors, the ceiling, windows, drains, insulation and air and heating ducts, among other things. The seller made many service calls but never removed or repaired all the defects. The manufacturer sent a service representative on two occasions, the last time on June 18, 1973. He worked on heat ducts, installed an extra heat register in one bedroom, and repaired a leaking back door. On July 10, 1973, the service manager of the manufacturer wrote Mrs. Stiles and said in part: "I hope you are liking your mobile home a lot better, now that you have it all fixed up." There was substantial testimony that it never has been "all fixed up" and most of the defects have never been repaired.

Although Appellees alleged a breach of contract, fraud and deceit in addition to their statutory rights, the case was only tried and submitted to the jury and recovery had under the Deceptive Trade Practices Act. The jury found Appellees had been adversely affected by the use or employment of a deceptive trade practice by both the manufacturer and seller which occurred after May 21, 1973; that Appellees had been adversely affected by the failure

of the manufacturer and seller to comply after May 21, 1973, with warranties; that Appellees sustained actual damages of $5,000.00, and that their reasonable attorney's fees were $5,000.00. Both Appellants attacked each of these findings with no evidence and insufficient evidence points, and both Appellants filed motions for instructed verdict and for judgment non obstante veredicto.

While there is evidence of misrepresentations and breach of warranty in connection with the sale in August and September, 1972, Appellants chose to seek recovery only for acts or practices occurring after the Act became effective on May 21, 1973, in order to obtain the trebled damages and attorney's fees.

Certainly all of the warranties and representations as to the standard, quality or grade of the mobile home were made in August and September, 1972, long before the Act became effective. Mr. Thomas, the manager for the seller, testified that all service calls by the seller were prior to May 21, 1973, and that no misrepresentations were made as to repair service after May 21, 1973. Although Mr. and Mrs. Stiles testified to numerous service calls and efforts to remedy defects, they did not testify as to any such conduct by the seller after the effective date of the Act. Mr. Russell, service manager for the manufacturer, did do repair work after May 21, 1973, and did indicate that everything had been repaired in his letter in June, 1973.

In *Cape Conroe Limited v. Specht*, 525 S.W.2d 215 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ), the Court in passing on the liability of conduct prior to the effective date of the Act said:

"There is another reason that the trial court properly held that the Deceptive Trade Practices Act did not relate to the plaintiff's cause of action. * * * Section 17.63 of the Act states that '[t]he provisions of this subchapter apply only to acts or practices occurring after the effective date of this subchapter . . . .' Thus, the application of the Act to those practices of the defendants that occurred before the effective date of the Act would be giving it a retroactive application contrary to its express language. * * *"

To avoid this result, Appellants urge that the breach of warranty was a continuing act which occurred after May 21, 1973. If a breach of warranty occurred on the date of sale of defective or misrepresented goods and then was a continuing breach each date until repaired, then it would appear that limitations would never begin to run because of the continuing nature of the breach. We believe that once the defects were known, shortly after the sale in this case, the breach of warranty had occurred, the cause of action arose and damages would be determinable at that time. Appellants also urge liability upon the part of the seller under a service contract. That agreement was given at the time of sale in 1972, and it contained no warranties or representations which were made after May 21, 1973, even though it was effective until September, 1973.

Having concluded that there is no evidence to support the jury finding against the seller, and following the decision in the *Specht* case, we reverse and render as to the seller. The manufacturer having made repairs after May 21, 1973, and we having concluded that the letter to Mrs. Stiles that the mobile home was "all fixed up" is some evidence of a deceptive trade practice, an issue was raised as to the liability of the manufacturer under Section 17.46(13) of the Act.

Nevertheless, we remand as to the manufacturer because there is insufficient evidence to support the jury finding on damages. All of the evidence as to the value of the mobile home was with regard to the fair market value; first, as it was represented prior to the sale, and then, as to its value at the time it was sold with various defects in September, 1972. Damages that occurred at the time of sale because of existing defects were not the damages that occurred after May 21, 1973, from misrepresentations as to repairs which had not been

made. While some evidence was presented as to the cost of installation of monaflex to keep extensive heat out due to lack of insulation, no evidence was offered to show the amount of damages because Mr. Russell did not make the repairs he represented as having been made in June, 1973. That seems to be the only damage that occurred after May 21, 1973. Thus, we conclude that there is insufficient evidence to support the jury answer to Special Issue No. 5.

We sustain the manufacturer's Point of Error Number Eight, and the seller's Points of Error Numbers One, Three and Nine. It is not necessary for us to pass upon the other points of error.

The judgment of the trial Court is reversed, and the case is remanded for a new trial as to Town and Country Mobile Homes, Inc., and judgment is rendered that Appellees take nothing of and from Robert Seabury, individually and doing business as Seabury's Mobile Home Sales.

### ON MOTION FOR REHEARING

Following the filing of motions for rehearing by Euell and Evelyn Stiles and Town and Country Mobile Homes, Inc., all parties filed a joint motion to withdraw the motions for rehearing and for issuance of the mandate to the trial Court for the entry of an agreed order of dismissal. We grant the joint motion and the mandate will issue.