Ralph N. FERGUSON et ux., Appellants,

v.

Anthony W. BEAL, Appellee.

No. B2049.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Sept. 26, 1979.

Rehearing Denied Oct. 17, 1979.

---

1. By an order entered by this court the appeals were consolidated.

Carnegie H. Mims, Jr., Jefferson & Maley, Houston, for appellants.

George C. Peyton, Peyton & Peyton, Al Bonner, Bonner & Bonner, Weldon Berry, Craig Washington, James Fuller, Sr., Houston, Eugene T. McLaughlin, Bellville, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

This suit was brought by appellants Ralph N. and Albertha D. Ferguson against appellee Anthony Beal and others. The suit involved the sale of a house and lot by Beal to the Fergusons. We modify and affirm.

Appellants purchased the house in question from Beal after requesting and receiving certificates attesting to the sound condition of the roof, swimming pool, and air conditioning system and the absence of termites. They sued Beal alleging false and fraudulent representations made to induce appellants to purchase, and breach of warranty as to the condition of the structure and fixtures. The suit was brought under the Texas Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Com. Code Ann. § 17.41 et seq., and the Fraud in Real Estate Transactions Act, Tex.Bus. & Com.Code Ann. § 27.01. Appellants also sued Amy Huggins, alleged to have been Beal's agent in the sale, and Melvin Player, dba Melvin Pool Service and James D. Grant, dba Reasonable Sanitation Company,

two of the inspectors engaged by Beal. They sought recovery of treble damages, costs, attorney's fees, and cancellation of a $10,000.00 note executed as part of the consideration for the house. Beal answered and filed a counterclaim on the note, cross-actions against Player and Grant and third-party actions against T. L. Phoenix and C. Pete, dba C. Pete Roofing Company, two other inspectors hired by Beal to provide the requested certificates.

After a lengthy trial the jury found that Beal had breached some warranties to appellants resulting in damages totaling $1,333.60, that there were no fraudulent or deceptive acts on the part of Beal, that Huggins did not act as Beal's agent and that defendants Player and Grant were not liable for any sum to appellants. Third-party defendants Phoenix and Pete received directed verdicts in their favor. The trial court rendered judgment for Beal against appellants on the $10,000.00 note and entered judgment for appellants against Beal only for $1,333.60.

Appellants first urge that the trial court erred in refusing to treble the damages and to award costs and attorney's fees pursuant to § 17.50(b)(1) of the Deceptive Trade Practices—Consumer Protection Act.

The Act came into effect in 1973. The sale in question and the acts alleged to bring this case under the Deceptive Trade Practices Act occurred in July of 1975. As of that date a "consumer" was defined in § 17.45(4) as a purchaser of goods and services. "Goods" were defined as "tangible chattels bought for use." It was not until September 1, 1975, that the Act was amended to define "goods" as "tangible chattels or real property purchased or leased for use."

Appellants contend that the Act applied to purchases of real property made before September 1, 1975, and cite as authority *Woods v. Littleton*, 554 S.W.2d 662 (Tex. 1977). That case does not so hold. In *Woods* the supreme court held that although Woods purchased the real property before the effective date of the Act, he also purchased the services of the builders, who agreed to repair any defects in the home

that arose within the first year. Defects in the sewer system arose within the first year, and the builders made repairs and falsely stated to Woods that the repairs placed the sewer system in good working order. The false statement was made after the effective date of the Act. The supreme court held that the date of the false statement which gave rise to the cause of action under the Deceptive Trade Practices—Consumer Protection Act, rather than the date of the sale, determined the applicability of the Act. Since the deceptive act, the false statement, occurred after the effective date of the Act and arose from the separate contract for services, the supreme court held that there was a cause of action under the Act.

*Woods* is clearly distinguishable from the case now before this Court. Here appellants purchased no services from Beal, and all acts of Beal complained of by appellants occurred before the statute was amended to include "real property" in the definition of "goods".

We hold that the Deceptive Trade Practices—Consumer Protection Act did not apply to the acts of Beal complained of by appellants. This case, therefore, was not properly brought under that Act; and the trial court correctly refused to award treble damages, costs and attorney's fees authorized thereby.

Appellants next contend that the trial court erred in taxing costs of defendants Player, Grant, Phoenix, Pete and Huggins against appellants. We agree as regards defendants Phoenix and Pete only.

Player, Grant and Huggins were sued by appellants. The judgment stated that plaintiffs (appellants) take nothing as to them. As a result they were successful parties, and the trial court acted in conformity with Tex.R.Civ.P. 131 in awarding them their costs. Within the limit of Rule 131, taxation of costs is committed to the sound discretion of the trial court. *Rubin v. Adams*, 368 S.W.2d 42 (Tex.Civ.App.— Amarillo 1963, writ ref'd n. r. e.).

■ Defendants Phoenix and Pete were not sued by appellants, but only by appellee Beal in his third-party action. Both received directed verdicts; thus they were successful parties as against Beal. Rule 131 states that the successful party "shall recover of *his adversary* all costs incurred . . ." (emphasis added). Appellants were not the adversaries of Phoenix and Pete. Rather Beal was, having filed a third-party action against them. Beal was the losing party as against them and should have borne their costs.

While Tex.R.Civ.P. 141 allows taxation of costs otherwise than as provided by Rule 131, reasons for so doing must be stated on the record. No reasons for taxing the costs of Phoenix and Pete against appellants were so stated; therefore, this point must be sustained. *Harris v. Shotwell*, 490 S.W.2d 860 (Tex.Civ.App.—Fort Worth 1973, no writ). We modify the judgment so as to tax costs incurred by Phoenix and Pete against appellee Beal.

Appellants next urge that the trial court erred in awarding judgment to appellee Beal on a $10,000.00 promissory note executed by appellants, plus interest and 15% attorney's fees, on the ground of res judicata.

The note in question was executed in connection with the purchase of the house and matured on July 22, 1976. As part of their suit appellants asked that the note be cancelled. Appellee Beal filed a counterclaim in which he alleged that he was the owner of the note, that it was due and payable, and that demand for payment had been made upon appellants. He prayed for judgment on the note plus interest and attorney's fees.

■ Beal also filed an independent suit, Cause No. 1,093,806, seeking judgment on the same note. Appellants filed a plea in abatement of that suit on the ground that Cause No. 1,085,254, which concerned liability on the identical note, was pending and must be decided before the second suit could proceed. The court granted the plea in abatement and dismissed Cause No. 1,093,806 with prejudice. Appellants argue that such dismissal is res judicata as to the issue of their liability on the note.

The dismissal of the independent cause, No. 1,093,806, did nothing to affect Beal's counterclaim included in Cause No. 1,085,-254, as to which no determination had been made. Appellants' claim of their res judicata defense is without merit, and we overrule this point.

■ In their fourth point of error appellants urge that the trial court erred in overruling their motion for a new trial on ground of jury misconduct. The claim of misconduct was based on the testimony of one juror, Albert J. Biggs. Mr. Biggs was employed by Cameron Wholesale Company, which on occasion did business with C. Pete, a third-party defendant in this case. Mr. Biggs had never met Pete and did not recognize him prior to the trial, although he was familiar with the name. During voir dire the jurors were asked whether they knew or were acquainted with any party. Mr. Biggs failed to state the connection between his employer and Pete. Appellants urge that this was sufficient to warrant a new trial under Tex.R.Civ.P. 327. They also attempted to show that the jurors considered improper matters during deliberation although the testimony of Biggs on this issue discloses only that he did not remember what the jury might have considered.

Rule 327 allows a new trial if "a juror gave an erroneous or incorrect answer on voir dire examination, . . ." if such answer is material and if it reasonably appears from the record as a whole that injury probably resulted to the complaining party. Appellants make no effort to demonstrate the specific injury they feel they suffered. In addition, the absence of a complete statement of facts prevents our determining whether injury probably resulted; therefore, this point is overruled.

Finally, appellants contend that the trial court erred in granting defendants eighteen peremptory challenges while appellants were limited to six. The eighteen challenges were distributed as follows: six to appellee Beal; six to defendant Huggins;

and six to defendants Player, Grant, Pete and Phoenix. In support of this argument appellants urge that the word "party" in Tex.R.Civ.P. 233 does not mean "person", and that whether multiple defendants are entitled to separate peremptory challenges depends on whether their interests are, at least in part, antagonistic in the matter that the jury is to be concerned with. *Roy L. Martin & Associates, Limited v. Renfro*, 483 S.W.2d 845 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.).

In that case it was held that the trial court had erred in allowing each of four defendants six peremptory challenges. The court pointed out that the error was properly presented and preserved. "Prior to the selection of the jury, [appellants] excepted to the ruling of the court in granting these strikes and, at this time, pointed out in detail that the pleadings and . . . depositions demonstrated that none of the defendants was in a posture antagonistic to that of the other defendants . . .." 483 S.W.2d at 851. During the trial of that case appellants also moved for a mistrial on this ground.

In this present case the trial court initially granted the defendants twelve strikes, six to Huggins and six to Beal and the other defendants. Phoenix's attorney objected and argued that the interests of Phoenix and Beal were antagonistic. Attorneys for Grant, Player and Pete agreed. The trial court thereupon awarded the eighteen strikes and called for objections. The record reflects no such objection. Appellants have raised this point for the first time on appeal, and have accordingly waived any right to complain of this action.

Furthermore, the Texas Supreme Court has held that the harmless error rule, Tex.R.Civ.P. 434, applies where a party is denied the number of strikes to which he is entitled. *Tamburello v. Welch*, 392 S.W.2d 114 (Tex.1965). In view of the importance attached to the right of a party to make peremptory challenges, *Perkins v. Freeman*, 518 S.W.2d 532 (Tex.1974); *Tamburello, supra*, it is apparent that the same rule should apply to cases in which one party contends that an opposing party was awarded too many challenges. In order for this court to review an issue governed by the harmless error rule, it must have before it the entire record. *Bashrum v. Vinson*, 330 S.W.2d 538 (Tex.Civ.App.—Houston, 1959, writ ref'd n. r. e.). Since appellants did not submit a complete statement of facts, we are unable to determine that an improper judgment probably resulted; therefore, for this additional reason we overrule this point.

Modified and affirmed.