**PADRE ISLAND INVESTMENT CORP., Appellant,**

v.

**Salvatore SORBERA & Joyce Sorbera, Appellees.**

**No. 04–83–00199–CV.**

Court of Appeals of Texas, San Antonio.

June 27, 1984.

Rehearing Denied Aug. 16, 1984.

Gary Norton, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellant.

E.S. Prashner, Ertel & Prashner, San Antonio, for appellees.

Before BUTTS, REEVES and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

This is a venue case governed by the Texas Deceptive Trade Practices Act, TEX. BUS. & COM.CODE ANN. § 17.41 *et seq.* (Vernon Supp.1984).[1] Plaintiffs Salvatore and Joyce Sorbera sued Padre Island Investment Corporation for breach of contract and breach of warranty, instituting suit in Bexar County. Padre Island filed its plea of privilege, requesting transfer of the case to Nueces County, the corporation's place of residence. Plaintiffs asserted by controverting plea that venue is proper in Bexar County under § 17.56. The

trial court agreed and overruled the plea of privilege. We affirm.

The transaction at issue involves a series of events occurring both before and after the effective date of the DTPA (May 21, 1973). Before December 27, 1972, a purported agent of defendant (a retired colonel) solicited plaintiffs by telephone to attend a presentation in San Antonio concerning the purchase of undeveloped real property in North Padre Island from Padre Island Investment Corporation. After the presentation, plaintiffs made a check payable to Padre Island for $100.00, indicating their good faith interest in purchasing property in North Padre Island. When they visited Corpus Christi to view the property, they received back their very same $100.00 good faith deposit check unnegotiated.

Plaintiffs purchased three lots from the corporation. Padre Island in 1977 returned the money on one lot, but the other two are still owned by plaintiffs. On January 8, 1973, and on July 10, 1973, defendant corporation signed contracts in Nueces County, previously signed by plaintiffs, which promised, among other things, to ready the lots for home construction by November 1981. Salvatore Sorbera testified that he visited Corpus Christi three or four times a year subsequent to the signing of the contract until defendants failed to perform as promised in November 1981 and was reassured each time by agents of Padre Island that the lots would be completed on schedule as promised.

■ We note that breach of contract damages and damages for breach of express warranty under the DTPA are not mutually exclusive. *Smith v. Baldwin,* 611 S.W.2d 611, 614 (Tex.1980). Plaintiffs could sue for breach of contract and could also sue for misrepresentations as to the date the lot would be ready for house construction, provided they received but one recovery for the same act or practice. § 17.43. *Cf. Garcia v. Texas Instruments, Inc.,* 610 S.W.2d 456 (Tex.1980); *Continen-*

---

**1.** Unless otherwise noted, all statutory references are to the TEX.BUS. & COM.CODE ANN.

§ 17.41 *et seq.* (Vernon Supp.1984), known as the Texas Deceptive Trade Practices Act (DTPA).

*tal Savings Association v. Maheney,* 641 S.W.2d 290, 292 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

Padre Island raises three points of error. In points of error one and two, it argues that since the events of which plaintiffs complain occurred in Bexar County before the DTPA became applicable to real property, venue is not proper in Bexar County. In point of error three, the corporation complains that the evidence is factually and legally insufficient to support a finding that the solicitations for the sale of real property were made by an authorized agent of Padre Island in Bexar County.

In order to resolve points of error one and two, we first must decide when the acts giving rise to the cause of action occurred, thereby enabling us to determine which DTPA venue statute [2] applies and, thus, where venue properly lies.

■ Although it is uncontested that the solicitations precipitating the series of events of which plaintiffs complain occurred prior to the effective date of the DTPA, the date of the deceptive acts or practices giving rise to the cause of action under the DTPA determines the applicability of the Act. *La Sara Grain Co. v. First National Bank of Mercedes, Texas,* 673 S.W.2d 558, 565 (Tex.1984); *Woods v. Littleton,* 554 S.W.2d 662, 665–66 (Tex.1977). 27 P. KENS and S. COCHRAN, CONSUMER RIGHTS AND REMEDIES § 2 Texas Practice (1983).

The pertinent parts of plaintiffs' original petition are:

At some time prior to December 27, 1972, Defendant solicited Plaintiffs by telephone to attend a presentation in San Antonio, Bexar County, Texas. During such presentation, the sum of $100.00 was solicited by Defendant from Plaintiffs as a good faith deposit, which deposit was paid by Plaintiffs in San Antonio, Bexar County, Texas, to Defendant, prior to Plaintiffs visiting the real estate development belonging to Defendant. Plaintiffs then purchased from Defendant two (2) pieces of real property, the first being Lot 70, Block 001, Cape Summer Unit 1, in Nueces County, Texas, and were furnished and executed a Contract for Deed therefor, a copy of which is attached hereto and marked Plaintiffs' Exhibit "A" and incorporated herein by reference, and Lot 32, Block 21, Cape Summer Unit 1 in Nueces County, Texas, and were furnished and executed a Contract for Deed therefor, copy of which is attached hereto and marked Plaintiffs' Exhibit "B" and incorporated herein by reference.

### III.

Said contracts provide in relevant part that by November, 1981, "there shall have been constructed and installed paved streets, and, if applicable, concrete bulk hill heading of canals, abutting said

---

2. There are three different versions of § 17.56 under the DTPA. The 1973 version provides:

   An action brought under Section 17.50 or 17.51 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or is doing business.

   This statute has been construed to require plaintiff to both plead and prove a cause of action. *See Doyle v. Grady,* 543 S.W.2d 893, 895 (Tex. Civ.App.—Texarkana 1976, no writ); *Hudson & Hudson Realtors v. Savage,* 545 S.W.2d 863, 868 (Tex.Civ.App.—Tyler 1976, no writ).

   The 1977 version of § 17.56 provides:

   An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business.

   The 1979 version of § 17.56 provides:

   An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has a fixed and established place of business at the time the suit is brought or in the county in which the alleged act or practice occurred or in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar.

   In the latter two versions, plaintiff has to allege rather than prove up a cause of action, in addition to establishing the other venue facts.

property; and there shall have been made available to buyer a water main and sewage disposal facility abutting said property that buyer may, at his expense, tap into said water main, and into a sewage disposal facility and procure water service and sewage disposal service for said property." *In addition, Defendant made various other representations which constituted warranties contained in the contracts referred to above, some or all of which were breached by Defendant.* In addition, said contracts provide for an exchange privilege which Defendant has failed and refused to comply with. (Emphasis added.)

We perceive the acts giving rise to this cause of action to be the misrepresentations of the defendant in the form of continued reassurances to the plaintiffs that their land would be ready. Plaintiffs could not know before November 1981 the statements made by Padre Island were misrepresentations although such reassurances occurred over a period of time beginning prior to the effective date of the DTPA (May 21, 1973) until the actual breach. *Woods, supra* at 665–66; *Town & Country Mobile Homes, Inc. v. Stiles,* 543 S.W.2d 664, 666 (Tex.Civ.App.—El Paso 1976, no writ).

■ It is well established that breach of an express warranty occurs when defects are discovered. *Ralston Oil & Gas v. Gensco,* 706 F.2d 685, 695 (5th Cir.1983); *Town & Country Mobile Homes, Inc. v. Stiles,* 543 S.W.2d 664, 666 (Tex.Civ.App.—El Paso 1976, no writ). The defects in this case (the failure of defendant to ready the lots for home construction) could not have been discovered until defendant failed to perform as scheduled (November 1981).

■ Good practice may indicate that plaintiffs should have plead the particular subdivision of the Act upon which they relied. However, that is not necessary. *See U.S. Steel Corp. v. Fiberglass Specialties,* 638 S.W.2d 950, 955 (Tex.App.—Tyler 1982, no writ). Padre Island excepted to plaintiffs' failure to state the amount of damages but did not specially except to plaintiffs' lack of particularity concerning the events or acts relied upon as a basis for liability under the DTPA. In *Johnson v. Willis,* 596 S.W.2d 256, 260 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.), that defendant specially excepted to the vagueness in plaintiff's pleadings, and the appellate court agreed these special exceptions should have been granted. On the other hand, in the case at bar where the defendant did not specially except to omissions in the petition or in plaintiffs' controverting affidavit, we will construe each one liberally in favor of plaintiff. *U.S. Steel Corp., supra* at 955. 1 R. McDONALD, TEXAS CIVIL PRACTICE, § 4.49 (rev. 1981).

■ By liberally construing plaintiff's petition, we find plaintiff has sufficiently alleged a cause of action under § 17.-50(a)(2), the breach of warranty that certain improvements would be made. The acts giving rise to the cause of action were continuing misrepresentations in the form of reassurances occurring until the November, 1981 breach. *See Town & Country, supra* at 666. The applicable venue statute is therefore the 1979 venue statute.[3]

Padre Island relies on *Ferguson v. Beal,* 588 S.W.2d 651 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) and argues the DTPA does not apply in this case since that Act did not include real property transactions until September 1975. Unlike the *Ferguson* facts, in this case plaintiffs

---

**3.** The problem of which venue statute applies occurs when the cause of action arose prior to the effective date of the venue statute but the suit was filed after the effective date. *Compare Big Rock Properties, Inc. v. King,* 613 S.W.2d 804, 805 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ) (venue governed by the law in effect at time of the institution of the suit) with *ABC Truck Rental & Leasing Co. v. Southern County Mutual Ins. Co.,* 662 S.W.2d 132, 135 (Tex.App.—San Antonio 1983, no writ) (1977 venue provision controls when the cause of action accrued prior to the enactment of the 1979 provision).

In this case, however, not only did the cause of action arise, but the suit was also filed subsequent to the enactment of the 1979 provision.

executed the contracts of sale, relying upon Padre Island to make many improvements to the land, and the price encompassed those improvements.[4] The services to be performed by Padre Island on the land included construction and placement of streets, utility mains and equipment, sewage disposal, and other seaside resort amenities. Without the promised construction and placement of the items plaintiffs were in no position to build. Points of error one and two are overruled.

The 1979 venue statute sets out two requirements, the first that plaintiffs must allege a cause of action under § 17.50. *ABC Truck Rental & Leasing v. Southern County Mutual Insurance Co.,* 662 S.W.2d 132, 135 (Tex.App.—San Antonio 1983, no writ); *Ferrara v. Corinth Joint Venture,* 611 S.W.2d 669, 670 (Tex.Civ. App.—Eastland 1980, no writ); *T.P. Walsh Co. v. Manning,* 609 S.W.2d 636, 638–39 (Tex.Civ.App.—Tyler 1980, no writ). We have already found that plaintiffs adequately plead a cause of action under § 17.50(a)(2).

The second requirement consists of a description of five elements, any one of which may provide the basis for suit to be filed in that county: (1) the defendant's residence, (2) the county in which the defendant's principal place of business is located, (3) the county in which the defendant has a fixed place of business at the time suit is brought, (4) the county in which the alleged act or practice occurred, or (5) *the county in which the defendant, or an authorized agent of the defendant solicited the transaction made the subject of the suit.* [Emphasis ours.] Curry, *The 1979 Amendments to the Deceptive Trade Practices Act,* 32 BAYLOR L.REV. 51, 78–79 (1980); 27 P. KENS & S. COCHRAN, *supra* at § 28.

In point of error three, Padre Island challenges the legal and factual sufficiency of the evidence that the individuals who solicited plaintiffs in Bexar County to purchase

property in Nueces County were in fact its authorized agents. In their controverting affidavit, plaintiffs allege that venue lies in Bexar County because "Defendant, through its agent, servant or employee solicited the transaction complained of in the County of Bexar, State of Texas ..." Plaintiff therefore pleads and relies solely on the emphasized provision to establish venue in Bexar County.

■ We find the evidence to be factually sufficient to establish that plaintiffs were solicited by agents of the corporation in Bexar County and that this transaction became the subject of the suit. The existence of agency can be established by circumstantial evidence. *Grundmeyer v. McFadin,* 537 S.W.2d 764, 768–69 (Tex.Civ.App.— Tyler 1976, writ ref'd n.r.e.). The circumstantial evidence of agency consists of (1) the testimony of plaintiff that he was solicited by an agent of Padre Island in Bexar County, (2) the testimony of plaintiff regarding his issuance of a check in Bexar County to a representative of payee Padre Island Investment Corp. and then receiving that very same check back from another purported authorized agent in Nueces County, and (3) the two contracts, between plaintiffs and defendant. On the signatory line of the contract, defendant's name, Padre Island Investment Corporation appears with a stamped signature appears directly underneath.

Salvatore Sorbera testified as to the soliciting agent in Bexar County:

Q: To summarize, you first became aware of this property in what city?

A: San Antonio, Texas.

Q: By people who represented themselves as whom?

A: Represented representative of Padre Island Investment Corporation.

MR. NORTON: We object to that.

THE COURT: What was the question?

MR. PRASHNER: Who the people that first made Mr. Sorbera acquainted

---

**4.** The original 1973 DTPA defined "goods" as "tangible chattels bought for use." Ch. 143, § 1, 1973 Tex.Gen.Laws 323. The 1975 amendment to the DTPA defined "goods" as "tangible chattels or real property purchased or leased for use." Ch. 62, § 1, 1975 Tex.Gen.Laws 149.

with the land represented themselves to be.

MR. NORTON: We object to the answer as being hearsay, your Honor, that there is insufficient predicate of the authority of the person who they claim made these representations.

THE COURT: You mean the ones in San Antonio?

MR. NORTON: Yes.

THE COURT: Overrule your objection.

Q: And you did later buy land you first became aware of in San Antonio.

A: Yes, sir.

MR. PRASHNER: I will pass the witness.

Padre Island objected at trial and argues in its brief on the basis of *Big Mack Trucking Co. v. Dickerson*, 497 S.W.2d 283, 288 (Tex. 1973). *Big Mack* excludes from admissibility testimony of an employee/agent subsequent to an act concerning the liability of his employer/principal made without the employer's consent.

■ In this case it is the fact of agency which plaintiffs sought to prove, not a particular statement of the agent. Further, there was no attempt to prove a statement made by the agent subsequent to the event which would show the liability of the employer, Padre Island. *See, e.g., Big Mack, supra.* Nevertheless, the fact of agency cannot be established by the alleged agent's own declaration at the time that he was an agent. A declaration of an agent, however, becomes admissible once the fact of agency is established by other competent evidence. *Park v. Sullivan*, 12 S.W.2d 265, 268 (Tex.Civ.App.—Waco 1928, no writ); R. RAY, TEXAS LAW OF EVIDENCE § 1164 (1980). Here the fact of agency was shown by the contracts and plaintiffs' testimony about the check (accepted in Bexar County and returned in Nueces County). We find the rationale of *Big Mack*, relied upon by Padre Island, has no application in this case.

■ Also the best evidence rule to exclude plaintiffs' testimony regarding the check, not in evidence at the hearing, does not apply because plaintiff was not proving the terms of a writing, but was merely presenting evidence of two events perceived by him. G. LILLY, AN INTRODUCTION TO THE LAW OF EVIDENCE § 116 (1978).

Q: Did you make the check out then to Padre Island Investment Corporation?

A: Yes.

Q: Was the check returned to you when you went down to Padre Island?

A: Yes, it was.

Q: Following that, did you purchase property from Padre Island Investment Corporation?

A: Yes, we did.

Q: Did you sign some contracts?

A: Yes, we did, sir.

MR. PRASHNER: I ask these be marked for identification, please.

He issued the check in Bexar County to a purported agent of Padre Island, receiving back the very same check unnegotiated from another purported agent of the corporation in Nueces County. This testimony provides evidence of a process whereby Padre Island did business in Bexar and Nueces using different agents. *Id.* at § 114.

The two contracts provide further circumstantial evidence that Padre Island employed an agent in Bexar County to solicit plaintiffs' business there. Plaintiffs are residents of San Antonio who purchased property in Nueces County. The finder of fact could determine that plaintiffs learned about this property from the soliciting agent of Padre Island in Bexar County.

The testimony concerning the check, taken in conjunction with the two contracts, provides circumstantial evidence of the process of agency. The corporation, through its agents, solicited business in Bexar County and then finalized contracts in Nueces County. Additionally, the transaction between plaintiffs and Padre Island encompassed solicitation, reassurances, and finally breach. In *Legal Securities Life Insurance Co. v. Trevino*, 605 S.W.2d 857 (Tex.1980), the Texas Supreme Court held that a transaction that serves as the basis

of the suit is sufficient to sustain venue. Were it not for the initial solicitation, the subsequent events terminating in breach might not have occurred.

Since the trial court did not specifically make a finding of agency in its judgment, we hold that the trial court made an implied finding of agency. *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968). This court will engage every reasonable presumption in favor of the trial court's implied finding of agency. *Boyd v. Keystone Driller Co.*, 6 S.W.2d 221, 223 (Tex.Civ. App.—Galveston 1928, writ ref'd).

█ We hold that for purposes of sustaining venue under § 17.56 plaintiffs have met both requirements: (1) the cause of action is sufficiently alleged under § 17.50, and (2) agency of a soliciting agent in Bexar County has been both alleged and established. Accordingly, we find venue to be proper in Bexar County and affirm the judgment.