**KOLD–SERVE CORPORATION and Chuck Williams, Appellants,**

v.

**Michael B. WARD and Mary Lou Ward, Appellees.**

**No. 13–86–514–CV.**

Court of Appeals of Texas,
Corpus Christi.

June 11, 1987.

Rehearing Denied Aug. 28, 1987.

Bill W. Russell and J. Milton Chapman, McKay, Smith, Robins & Russell, Victoria, for appellants.

O.F. Jones, III, Jones & Whitaker, Victoria, for appellees.

Before KENNEDY, UTTER and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellees brought suit for breach of contract, breach of warranties, and violations of the Deceptive Trade Practices Act (DTPA). The trial court, pursuant to the jury's answers to the special issues, rendered judgment in favor of the appellees for $47,200.00 in actual damages, $25,000.00 in additional damages because the appellants "knowingly" violated the DTPA, and $15,250.00 in attorney's fees. Appellants bring twenty-two points of error. We

reform the judgment of the trial court and, as reformed, affirm.

Michael Ward owns Speedy Refrigeration, which specializes in "larger refrigeration equipment, walk-in coolers and freezers, and ice machines." In an attempt to procure an ice machine for one of his customers, Mr. Ward contacted Kold-Serve Corporation, the manufacturer of Kodiak Icemakers. Although these negotiations broke down when Mr. Ward's customer abandoned the idea, Mr. Ward decided to enter the ice making market and bought a Kodiak Icemaker from Kold-Serve. Kold-Serve, through its president Chuck Williams, represented to Mr. Ward that the Kodiak machine he purchased would make 5,000 pounds of ice each twenty-four hour period.[1] Because of the Wards' dissatisfaction with the amount of production and the performance of the machine in general, they brought this suit.

■ Appellants, in their first and second points of error, complain that venue was improper in Calhoun County. Kold-Serve and Mr. Williams are residents of Longview, Texas, situated in Gregg County. Kold-Serve's principal place of business is in Gregg County, and it does not have an established place of business in Calhoun County. Mr. Ward traveled to Gregg County to take delivery of the ice machine. Further, Mr. Ward installed the machine himself in Calhoun County, subject to a final inspection by a Kold-Serve employee, Jim Hicks, to ensure proper hook-up of the machine.

The Wards pleaded and recovered damages for violation of the DTPA, Tex.Bus. & Com.Code Ann. § 17.50 (Vernon Supp. 1987). The venue section of the DTPA, Tex.Bus. & Com.Code Ann. § 17.56 (Vernon Supp.1987), provides, "An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced ... in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar." Both Mr. Ward and Mr. Williams testified that Kold-

---

1. Both parties recognize that ambient temperatures, the air's temperature surrounding the machine, would cause the production to be slightly less, ten to fifteen percent less, due to meltage.

Serve sent a brochure to the Wards in Calhoun County. This brochure espoused the quality and production capability of the Kodiak line of icemakers. Notwithstanding the fact that Mr. Ward initiated the contact with Kold-Serve, the act of sending the brochure to the Wards in Calhoun County constituted solicitation of the transaction made the subject of this suit. *See Padre Island Investment Corp. v. Sorbera,* 677 S.W.2d 90, 94–95 (Tex.App.—San Antonio 1984, writ dism'd); *Appleby v. Hendrix,* 673 S.W.2d 295, 297–98 (Tex.App.—Beaumont 1984, no writ); *Big Rock Properties Texas, Inc. v. King,* 613 S.W.2d 804, 805 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). Venue was proper in Calhoun County. We overrule appellants' first and second points of error.

Appellants, by their third and fourth points of error, complain that the trial court erred in rendering $25,000.00 in additional damages, pursuant to section 17.-50(b)(1) of the DTPA, because the definition of "knowingly" failed to conform to the definition set forth in Tex.Bus. & Com. Code Ann. § 17.45(9) (Vernon Supp.1987).

Special Issue number twenty inquired:

> Do you find that the Defendant Chuck Williams, or the Defendant Kold Serve Corporation acting by and through Chuck Williams, knowingly engaged in the conduct, if any, asked about in Special Issues No. 5, 8, 12 and 17? [2]

Beneath this issue, the charge defined "knowingly" as follows:

> You are instructed that "knowingly" means actual awareness of the act or practice if any asked about in Special Issues No. 5, 8, 12 and 17, but actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

Section 17.45(9) of the DTPA defines "knowingly" as follows:

> "Knowingly" means actual awareness of the *falsity, deception, or unfairness*

of the act or practice giving rise to the consumer's claim or, in an action brought under Subdivision (2) of Subsection (a) of Section 17.50, actual awareness of the act or practice constituting the breach of warranty, but actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness (emphasis ours).

The appellants complain that, because the trial court's definition of knowingly failed to refer to their "actual awareness of the falsity, deception, or unfairness of the act," the special issue will not support an award for additional damages as referred to in section 17.50(b)(1).

■ The Texas Supreme Court, in *Yellow Cab and Baggage Co. v. Green,* 154 Tex. 330, 277 S.W.2d 92, 93 (1955), held:

> We hold that in a case where the trial court gives a definition or an instruction in connection with a special issue, and a party is not satisfied with the instruction or definition given, all that is necessary to be done by the complaining party is to file an objection to the court's instruction or definition specifically and clearly pointing out wherein it is claimed the given instruction or definition is insufficient or is in error. It is not necessary for the objecting party to tender with his objection a substantially correct instruction or definition.... When the court's charge contains no instruction, the complaining party must accompany his clear and specific objections to such omission with a substantially correct definition or explanatory instruction.

Failure to lodge an objection to the court's charge, clearly pointing out the error, waives the right to complain on appeal that the court's charge improperly awarded damages based upon an erroneous definition. *O'Connor v. Gragg,* 161 Tex. 273, 339 S.W.2d 878, 885 (1960); *McAllen State Bank v. Linbeck Construction Corp.,* 695

---

**2.** Special issues number five and eight inquired whether the defendants made certain express warranties. Special issue number twelve inquired whether the defendants made a representation that the icemaking equipment was fit for its intended purpose. Special issue number seventeen inquired whether the defendants engaged in deceptive acts or practices, specifically those expressed in Tex.Bus. & Com.Code Ann. § 17.46(b)(5), (6), (7), (11), (19), & (23) (Vernon Supp.1987).

S.W.2d 10, 18 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); Tex.R.Civ.P. 274. Appellants did not lodge any objections with respect to the trial court's definition of "knowingly" as contained in special issue number twenty. We overrule appellants' third and fourth points of error.

■ Appellants, by their fifth and sixth points of error, complain that there is no evidence to support the jury's answer to special issue number 20 or, in the alternative, insufficient evidence to support the answer. Again, special issue number 20 inquired whether the appellants knowingly engaged in conduct described under section 17.46(b) of the DTPA. Special issue number seventeen enumerated six of the acts described in section 17.46(b) and inquired whether the appellants engaged in "any one or more" of the acts. Among those enumerated was the act described in section 17.46(b)(23); the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

Mr. Ward testified that Mr. Williams, Kold-Serve's president, represented that the machine was new and that Mr. Williams offered him a "good deal" on the machine. Mr. Williams testified that he did not represent the machine as new, but as a demonstrator. In fact, Mr. Williams testified that the machine that Mr. Ward purchased was used. It had been shipped to Washington and operated there. However, it did not perform properly because the area in which it was being used was "not adaptable for the type of equipment we had." Mr. Williams admitted that he never informed Mr. Ward that the machine had been sent to Washington and returned to Kold-Serve, but merely represented that the machine was a demonstrator. There is sufficient evidence to support the jury's answers to special issues seventeen and twenty as submitted in the charge. Further, in this case, section 17.46(b)(23) necessarily requires a finding that the appellants failed to disclose information which was known, and that such failure was intended to induce the customer to buy that which he would not have bought had the information been disclosed. *See Pennington v. Singleton*, 606 S.W.2d 682, 689 n. 4 (Tex. 1980); *Lone Star Ford, Inc. v. McGlashan*, 681 S.W.2d 720, 723 (Tex.App.—Houston [1st Dist.] 1984, no writ). Therefore, in this case there is sufficient evidence that the appellants were aware of the deception in their action. We overrule appellants' fifth and sixth points of error.

■ Appellants, by their seventh and eighth points of error, complain that damages for mental anguish are not recoverable in a suit under the DTPA *absent* a "knowingly" violation. Because we have upheld the jury's finding that appellants acted "knowingly," we need not address these points. In *Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 117 (Tex.1984), the Court held that mental anguish damages were recoverable when the actions were committed "knowingly." We overrule appellants' seventh and eighth points of error.

Appellants, by their ninth, tenth, eleventh, and twentieth points of error, complain that the trial court erred in submitting the damage issues, special issues four, sixteen, and nineteen, and entering judgment on those issues because they did not comport to damages recoverable under common law. At the outset, we note that the trial court did not render judgment on the damages the jury found in special issue four, which was for a breach of contract. Therefore, that jury finding is not relevant to this appeal.

■ The elements of damages in special issue number sixteen, for breach of warranty, and special issue number nineteen, for acts done under section 17.46(b) of the DTPA, are identical. The jury was instructed that they may consider the following elements:

a. All sums of money paid by the Plaintiffs to the Defendant Kold Serve Corporation, or to the First State Bank of Port Lavaca, including interest on their indebtedness for such purchase price.

b. All expenses of installation, and start up in excess of $4097.50.

c. Loss of profits in the past.

d. Mental anguish, aggravation and emotional upset.

Appellees were entitled to recover as damages their purchase money, including interest on their indebtedness, ancillary expenses, lost profits, and mental anguish. *Cf. Kish v. Van Note*, 692 S.W.2d 463, 468 (Tex.1985) (recovery of purchase money and ancillary expenses); *Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 117 (Tex.1984) (mental anguish); *White v. Southwestern Bell Telephone Co.*, 651 S.W.2d 260, 262 (Tex.1983) (loss in profits); *Smith v. Baldwin*, 611 S.W.2d 611, 617 (Tex.1980) (may recover interest).

■ However, appellants argue that the special issue was improper because it failed to account for any credit or offset for the value of the machine and benefits received. There is no evidence in the record of the value of the machine in its defective state, and there is no evidence regarding the benefits the Wards may have received. The Wards testified that the machine had no value. Counsel for the appellants asked Mr. Williams, the president of Kold-Serve, "Are you prepared to put a value as to what the fair market value would be on the two condensors and on the head in the condition that they're in right now?" Mr. Williams answered, "No, I couldn't. No, quite honestly." Because there was no evidence of the machine's value, the trial court did not err in failing to submit an issue on this matter.[3] Tex.R.Civ.P. 277. We overrule appellant's ninth, tenth, eleventh, and twentieth points of error.

Appellants, by their twelfth and thirteenth points of error, complain that the trial court erred in instructing the jury on "loss of profits in the past" because there was "factually insufficient evidence to support any finding of loss (sic) profits in the past." Further, by their fourteenth and fifteenth points of error, appellants complain that there was no evidence or, in the alternative, factually insufficient evidence to support the jury's findings as to damages.

■ The Texas Supreme Court, in *Southwest Battery Corp. v. Owen*, 131 Tex. 423, 115 S.W.2d 1097, 1099 (1938), held:

Where ... it is shown that the business was a going concern; and was making a profit, when the contract was breached, such pre-existing profit, together with other facts and circumstances, may be considered in arriving at a just estimate of the amount of profit which would have been made if plaintiff had not breached its contract.

*See also White v. Southwestern Bell Telephone Co.*, 651 S.W.2d 260, 262, (Tex.1983). The Wards began producing ice to sell to retailers in March of 1983. Mr. Ward testified that the profit margin on a bag of ice that they produce is thirty cents per bag. Further, Mrs. Ward testified that they had to buy $7,073.00 worth of ice, between 1983 and 1985, because they were unable to meet their demand due to the defective Kodiak machine. Mrs. Ward testified that this amounted to 16,839 bags of ice, which had no profit because of their expense in procuring the ice. This represents $5,051.70 in profits lost because the Kodiak did not function properly. The trial court did not err in submitting this damage element to the jury. We overrule appellants' twelfth and thirteenth points of error.

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); and Calvert, *No Evidence and Insufficient Evidence*

---

**3.** We also note that appellants did not request a special issue regarding the value of the machine, although they did object to special issues number four, sixteen, and nineteen. *See* Tex.R. Civ.P. 279 (submission of issue must be requested unless the issue is one relied upon by the opposing party).

*Points of Error,* 38 Texas L.Rev. 361 (1960). The jury found damages of $51,-000.00. The special issue asked for the total damages and did not seek specific findings for each element of damages listed in the special issue. The record indicates that the Wards paid $15,925.00 for the machine, and incurred $2,400.00 in interest in purchasing the machine. We have previously discussed the $5,051.70 loss in profits. Mrs. Ward testified that ancillary costs for installation and starting production with the Kodiak machine were $4,200.00, which was reduced by $4,097.50 because Kold-Serve discounted the purchase price for self-installation. Other ancillary expenses totaled $1,654.00. Further, Mrs. Ward testified that Mr. Ward spent many hours away from his refrigeration business attempting to correct the problems incurred with the Kodiak machine, and valued this time at $16,350.00. These damages total $41,483.20, and do not take into account any mental anguish.

■ Both Mr. and Mrs. Ward testified regarding mental anguish. The defective ice machine brought their business to near bankruptcy and caused a strain upon their marriage. They were in arrears to the bank because they were unable to produce sufficient quantities of ice to sell. No longer are physical injuries required to recover for mental anguish. *See St. Elizabeth Hospital v. Garrard,* 730 S.W.2d 649 (Tex. 1987). The Court in *Garrard,* which involves the negligent infliction of mental anguish, reasoned, "Jurors are best suited to determine whether and to what extent the defendant's conduct caused compensable mental anguish by referring to their own experience." *Id.* at 654. There is sufficient evidence to support the jury's finding of damages. We overrule appellants' fourteenth and fifteenth points of error.

Appellants, by their sixteenth point of error, complain that the trial court erred in failing to award them attorney's fees. Ap-

pellants argue that they are entitled to attorney's fees because the jury found that $5,800.00 was the balance owed to the appellants for the ice machine. This amount was offset by the trial court in the final judgment.

■ The parties stipulated to the amount of reasonable attorney's fees for each side: $8,000.00 in the trial court; $5,000.00 on an appeal to the Court of Appeals; $1,500.00 for responding to a writ filed in the Supreme Court; and $750.00 for appearing before the Supreme Court. The appellants counterclaimed for, received a favorable jury issue on, and were granted an offset to the damages of $5,800.00 as the balance owed on the purchase price.[4] The record indicates that the appellants made demand upon the Wards for payment on the balance between June and August of 1983, but did not receive payment within thirty days. *See* Tex.Civ.Prac. & Rem. Code Ann. § 38.002 (Vernon 1986). Because the appellants prevailed on their counterclaim, they are entitled to recover attorney's fees. Under section 38.001, attorney's fees are recoverable even if the amount of the claim is entirely offset by an opposing party's claim. *McKinley v. Drozd,* 685 S.W.2d 7, 11 (Tex.1985). We sustain appellants' sixteenth point of error.

■ Appellants, by their seventeenth point of error, complain that the trial court's award of attorney's fees should have been conditioned on a "successful" appeal. Appellants argue that the appellees should not receive appellate attorney's fees if the appellants succeed in obtaining a reversal. We do not understand the error. If the appellants obtain a reversal, then appellees are not entitled to *any* attorney's fees. We overrule appellants' seventeenth point of error.

Appellants, by their eighteenth and nineteenth points of error, complain that there was no evidence or, in the alternative, insufficient evidence to support the jury's findings in special issues one, two, and three. These issues involved the Wards'

4. For the recovery of attorney's fees, see Tex. Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1986).

claim for breach of contract. Since the trial court did not render judgment upon these findings, we need not address these points of error.

■ Appellants, by their twenty-first and twenty-second points of error, complain that the trial court erred in instructing the jury to consider as damages "all expenses of installation, and start-up in excess of $4,097.50." The parties agreed to discount $4,097.50 from the purchase price, representing the cost of installation which Mr. Ward was to perform himself. It was proper to allow the jury to consider all ancillary costs of installation above this amount. *See Kish v. Van Note*, 692 S.W.2d at 466. We overrule appellants' twenty-first and twenty-second point of error.

The judgment of the trial court is reformed; awarding the appellants attorney's fees of $8,000.00 for the trial level; $5,000.00 on this appeal; $1,500.00 for responding to a writ filed in the Supreme Court of Texas; and $750.00 if they appear before the Supreme Court of Texas. As reformed, the judgment of the trial court is affirmed.

