**Jean R. WEST, Appellant,**

v.

**JACK CRISWELL
LINCOLN–MERCURY,
INC., Appellee.**

No. B14–86–392–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 20, 1986.

Rehearing Denied Dec. 18, 1986.

Joe S. Maida, Houston, for appellant.

Ted E. Green, Jr., Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a judgment awarding Appellant damages for rescission of contract. Appellant objects to this award. We reverse the judgment of the

trial court and render judgment that Appellant take nothing in this cause.

Appellant purchased a used 1981 Pontiac Lemans for $8,862.00 from Appellee. She received a trade-in credit of $1,000.00 on her 1974 Volvo, paid $1,600.00 cash and financed the remainder. The purchase price included $781.84 for credit life insurance and warranty. Appellant had numerous problems with this vehicle that Appellee's service department was unable to correct. Appellant became dissatisfied with the car and, within two weeks after purchasing it, she traded it for a 1984 Mercury Lynx. The total price of the new car was $12,063.54. Appellant received a trade-in of $349.00 on the Pontiac and made a $1,419.02 cash downpayment. The trade-in credit was calculated by subtracting the amount Appellant owed on the Pontiac from its wholesale value. Appellant's payments for credit life insurance, credit disability insurance and warranty, totaling $1,301.28, were included in the total price for the Mercury. Appellee should have filed for a refund of Appellant's insurance and warranty premiums for the Pontiac but failed to do so until 1985. The parties waived a jury and trial was to the court. The trial court found that Appellant and Appellee agreed to rescind the original purchase contract for the Pontiac and awarded Appellant damages of $1,638.19 plus $3000.00 in attorney fees.

█ Appellant asserts three points of error. In point of error two she contends that the trial court erred in granting damages based upon rescission of contract. Appellant points out that she sought recovery under the Texas Deceptive Trade Practices-Consumer Protection Act and did not plead rescission of contract. Rule 301 of the Texas Rules of Civil Procedure provides in pertinent part: "The judgment of the trial court shall conform to the pleadings, the nature of the case proved...." Tex.R.Civ.P. 301. The pleadings and evidence reflect that Appellant was pursuing relief solely under the Texas DTPA. The trial court was not justified in rendering judgment based upon rescission of con-

tract. *Cape Conroe Limited v. Specht*, 525 S.W.2d 215 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). Therefore, the trial court erred in awarding damages based on rescission of contract, and Appellant's second point of error is sustained.

█ In her third point of error, Appellant complains that the trial court erred in refusing to double the amount of damages awarded which did not exceed $1,000.00 as required for recoveries under the Texas DTPA. However, Appellant does not assert as error the trial court's finding that there was no violation of the Texas DTPA. We cannot find that the refusal to double the damages awarded for rescission of contract was error. Point of error three is overruled.

█ Appellant contends in point of error one that the trial court erred in calculating the amount of damages to which Appellant was entitled under "any theory of recovery." The record reflects that when Appellant traded the Pontiac for the Mercury, Appellee determined the wholesale value of the Pontiac, subtracted the amount due on the car and gave Appellant a trade-in credit for the remainder. This remainder represented her equity in the automobile. Appellant was not, as she contends, entitled to an additional credit for her cash downpayment on the Pontiac or her Volvo trade-in. That downpayment and trade-in were part of the consideration she paid in order to obtain the Pontiac. Appellant then took the Pontiac and used it as part of the consideration paid for the Lynx. The only additional amounts that Appellant was entitled to have returned were the premiums paid for the warranty and the credit life insurance for the Pontiac. Appellee admitted that its employee had erred in failing to file for a refund of these amounts and pointed out that when the error was discovered the amounts due were tendered to Appellant's attorney but were refused.

We have reviewed the entire record and find that we must agree with Appellant's contention that the trial court erred in calculating damages under any theory of recovery. Therefore, the first point of error

is sustained. Appellant asks for nothing more. Accordingly, the judgment of the trial court is reversed and we render judgment that Appellant take nothing in this cause of action.